## MOORE *et al.* v. DAVIS *et al.*, *Appellants.*

**Insane Person**: DEED OF GUARDIAN, APPROVAL OF BY COURT. The approval of a sale of land of an insane person made by his guardian, under an order of the court, need not necessarily appear by formal entry of record. It is sufficient if the approval appear from the clerk's minutes.

*Appeal from Cape Girardeau Circuit Court.*—HON. JOHN D. FOSTER, Judge.

REVERSED.

*Wilson Cramer* for appellants.

(1) There is nothing to show, or tending to show, any fraud in obtaining the order of sale or in any of the proceedings relating to the sale of the land, nor is there a pretense that Edwards, the purchaser, was guilty or cognizant of any fraud in the matter. (2) The judgment of the county court in the matter of selling the estate is conclusive. G. S., 1865, 234. And the proceedings show a strict compliance with the statute. (3) The minute book of the probate court, offered in evidence, was required by law to be kept and was competent to show the approval of sale, which also appeared by in-

Moore v. Davis.

dorsement on the report itself. (4) Even conceding the sale made by the guardian to be of no effect, and that the title did not pass, yet the evidence shows that the purchaser paid his bid, two thousand dollars and interest, and that the guardian received and used the money for the benefit of his ward and family. These facts constitute a good defence in equity. *Henry v. McKerlie*, 78 Mo. 416.

*R. B. Oliver* for respondent.

(1) The sale made by the guardian was absolutely void, because of disregard of the statutory requirements relating to such sales. There was no such notice and description of the property to be sold as is contemplated by the statute. G. S., 1865, p. 236, sec. 24. (2) The report of the sale as made by the guardian was not approved by the county court, and there was no divestiture of title. The county court was a court of record and its acts can be known only by its record proper. *English v. Smock*, 34 Ind. 115; *Adams v. Tiernan*, 5 Dana 394; *Frees v. Ford*, 6 N. Y. 176; *Straus v. Drennon*, 41 Mo. 589; *Henry v. McKerlie*, 78 Mo. 416; *Mealin v. Platte Co.*, 8 Mo. 235. (3) The charge of fraud made in the replication is borne out by the evidence. *Turner v. Turner*, 44 Mo. 535; *Armstrong v. Winfrey*, 61 Mo. 354; *Kenrick v. Cole*, 61 Mo. 570. (4) The cause was tried by the court without a jury, and without any declarations of law and the finding of the trial court should not be disturbed. *Snyder v. Burnham*, 77 Mo. 52; *Chapman v. McIlrath*, 77 Mo. 38: *Hodges v. Black*, 76 Mo. 537.

PER CURIAM.—This was a suit in the nature of an action of ejectment to recover the possession of certain land, and the petition is in the ordinary form. The defendants, for answer, denied the allegations of the petition, and as a further defence, set up an equitable claim to the title of said land, in which it is alleged that Lucy Moore is the

only heir of Thomas Walker, deceased, who, at one time, owned the real estate sued for, having purchased from Benedict Knott; that afterwards said Walker became of unsound mind, and Charles Welling was appointed his guardian, and who presented to the county court a petition in writing for the sale of Walker's real estate to pay debts and to maintain his ward and the ward's daughter; that thereupon an order of sale was entered; that the guardian had said real estate appraised, advertised, and sold it to James F. Edwards for $2,000. That at the term of the county court succeeding that at which the sale was made, the guardian made a report thereof, which was marked and endorsed on its back, approved by the clerk; that such approval was entered upon the minutes of the court, but, by mistake and oversight, the clerk failed to make a formal entry of approval on the record proper; that the purchaser, Edwards, took possession and made lasting and valuable improvements of the value of $2,500, and afterwards sold the land to John F. Strong for $2,500, who afterwards sold to Greer W. Davis for $2,500; that Davis died and willed it to his widow, Elizabeth Davis, who conveyed it to Frank A. Davis for $2,300, who re-conveyed to Elizabeth Davis. Defendants pray judgment, and pray the court to direct the probate court to enter an order of approval of sale *nunc pro tunc*, and pray that if the deed be held void, that an account be taken of improvements made, etc., and that the same and the purchase price be decreed a lien on the premises, etc., and then a prayer for further relief.

The reply denied all new matter not directly admitted; charged that the order of sale was obtained by fraud; denied the approval of the sale by the county court, and prayed judgment as in their petition.

After the close of plaintiff's evidence, which was a deed from Knott to Thomas H. Walker, and evidence of value of improvements and rental value, the defendants offered from the records, the guardian, Welling's, petition for sale of his ward's real estate, duly verified by his

affidavit; then the order of sale; then the renewal of the
order of sale; then a copy of his advertisement of sale; the
affidavit of the appraisers; their appraisement; then the
report of sale, with the guardian's affidavit; then the in-
dorsement on the back of the report in these words : "Re-
port of sale of Charles Welling, Guardian of Thomas H.
Walker, insane person. Four hundred and sixty-eight
and nine. Filed and approved September 3, 1867. Wm.
Flentage, clerk, per R. H. Querry."

Defendants then read in evidence the following
entry in the minute book of the clerk :

"468 and 69. $\left\{\begin{array}{l}\text{Charles Welling, guardian of}\\\quad\text{Thomas Walker. Report of}\\\text{sale of real estate ordered,}\\\text{approved."}\end{array}\right.$

Then the following from the records :

"GUARDIANSHIP, THOMAS H. WALKER.    REPORT OF
SALE :

"Now comes Charles Welling, guardian of the per-
son and estate of Thomas H. Walker, an insane person,
and presents his report of sale of real estate, sold to pay
debts, and for the support of said ward and daughter,
which report is in words and figures following, to-wit :"
(Then follows report in full).

Then annual settlement of the guardian, showing that
he was charged with the purchase money received from
Jas. F. Edwards; and then the guardian, Chas. Welling,
was sworn, whose evidence tended to show that he had,
as such guardian, used part of it for the maintenance
of his ward, Thos. H. Walker, and daughter, and paid
over the balance in his hands to his successor, Moore.
Then a deed from Welling, as guardian, to Edwards;
from Edwards to Strong; from Strong to Greer W.
Davis; the will of Davis devising the land to Elizabeth
Davis; from her to Frank A. Davis, and from Frank A.
back to Elizabeth.

There was other evidence in the case on the part of
plaintiffs, as well as defendants, but, as we conceive, none

important concerning the material questions in the case presented for our consideration. The circuit court rendered judgment for the plaintiffs, and from which the defendants bring the case here by appeal.

The question lying at the foundation of this case is the equitable title claimed by the defendants. Do the facts show that the defendants have the legal title? If the conveyances under which defendants claim title are good and valid deeds, then they have the legal title, and must prevail in the action of ejectment. If they have not the legal title, then do they set up and have they established by evidence their equitable claim to relief? The whole question, as to the legal title of the defendants, turns upon the validity of the deed from the guardian, Welling, to Jas. F. Edwards, and if that is held in their favor it will be useless to go further. An examination of the guardian's deed to Edwards will show it to be formal on its face in every particular; and so far as we have been able to find in the record, no objection was made by the plaintiff to its being read in evidence. If this be true, then it was unnecessary for the defendants to offer the record entries of the county court in aid of its provisions; but that was done in addition to reading or offering all the conveyances from Edwards to the defendants.

But in aid of the deed, and especially to show that the guardian's sale was approved by the county court, the defendants read in evidence all the records set out in the statement, including the whole proceeding from the appointment of Welling as guardian, his application or petition for sale of the land; the order of sale; the advertisement; the sale; the report of sale which is recorded at length in the records of the county court; the indorsement on the back of the report by the clerk, and the entry of approval on the minutes. You will rarely find a proceeding of the kind more formal from its beginning to the end and unquestionably proves that the report was approved by the court. There was ample evidence

here on which to base an application to the probate court for an entry *nunc pro tunc*. *Atkinson v. A., T. & S. F. Ry.*, 81 Mo. 50. The case here is much stronger than that of *Jones v. Manly*, 58 Mo. 559, in which Sherwood, J., says, "regularly, the approval by the court of the report of sale by the administrator ought, perhaps, to be entered of record. But it does not necessarily follow that if no formal entry is found reciting this, that, therefore, the sale is void, and liable to overthrow in a collateral proceeding." In *Hénry v. McKerlie*, 78 Mo. 416, it is held by Martin, C., that, "the approval of the sale by the court need not necessarily appear by formal entry of an order. It is sufficient if the approval can be gathered from the whole record. The equity for a title/ is then complete."

Applying these principles to the facts of the case at bar, it is evident that the defendants have the better title and the court erred in finding for the plaintiffs. The judgment is reversed and the case remanded.