CITY OF CAPE GIRARDEAU v. BURROUGH, *Appellant.*

### Division One, December 12, 1892.

City Taxes: REVIEW ON APPEAL: PRESUMPTION. Where, in an action by a city, founded on its ordinances, for delinquent taxes, it is objected that the assessment was not legal, and the ordinances are not set out in the record, the correctness of the judgment of the trial court will be presumed on appeal.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. MAURICE CRAMER, Judge.

AFFIRMED.

*F. E. Burrough pro se.*

(1) The land must be assessed in the name of the real or record owner. *Abbott v. Lindenbower*, 42 Mo. 102; *Gaines v. Fender*, 82 Mo. 497; *State, etc., v. Railroad*, 82 Mo. 468. (2) Where land is assessed to a former deceased owner, a sale of such land for non-payment of taxes passes no title; all proceedings based

hereon are bad. *Borpee v. Russell*, 2 New Eng. Rep. 898; *Thompson v. Gerrish*, 57 N. H. 85; *Thompson v. Ela*, 60 N. H. 562; *Trowbridge v. Horan*, 78 N. Y. 439; *Crugers v. Dougherty*, 23 N. Y. 107; 88 N. C. 251; Black on Tax Titles, sec. 37. (3) The "estate" of anyone is not an owner, and cannot possibly be one, as it is property itself. *Trowbridge v. Horan*, 78 N. Y. 439, and cases *supra*, point 2.

*S. M. Green* for respondent.

(1) An assessment in the name of the "widow and heirs" is not void. 10 Wend. 346. Also an assessment to "estate of J. B. Coles" was held good. *State v. Jersey City*, 24 N. J. 108; *Wells v. Battell*, 11 Mass. 477; *Eyerman v. Scollay*, 16 Mo. App. 498. (2) The judgment was for the right party, and ought to be affirmed.

SHERWOOD, P. J.—Action for back taxes, brought by the city against the defendant. The assessment of the lot of ground in this cause was made in the name of "the estate of Jacob H. Burrough." The answer was a general denial, and on the trial it was admitted "that all the allegations in the petition were duly and legally proved except as to the legality of the assessment" aforesaid. The petition is bottomed on several ordinances of the plaintiff city, which are not set out, and it is, hence, impossible to determine what they are. If any of the ordinances mentioned in the petition were of a similar nature to section 7703, 2 Revised Statutes, 1889, then any such irregularity of which defendant complains is thereby cured. The ordinance or ordinances in question not being set out, we must assume the correctness of the judgment of the trial court.

We, therefore, affirm the judgment which the city recovered. All concur.