The State ex rel. Brassfield v. Hurt.

THE STATE *ex rel.* BRASSFIELD, *Appellant*, v. HURT *et al.*

In Banc, December 19, 1892.

1. **Taxation**: ASSESSMENT: "UNKNOWN" OWNER.   A tax assessment is not invalid because the land owner is described as "unknown," though the county record of deeds furnishes the name of the original patentee.

2. ————: ASSESSOR'S AFFIDAVIT: CLERICAL ERROR.   Where the assessor's affidavit to the assessment for 1873 appeared to have been taken January 20, 1872, but was show to have been in fact made on that day in 1873, the error is merely clerical and will be disregarded.

3. ————: BACK-TAX BILL: STATUTE.   The effect of a back-tax bill as evidence is destroyed when it appears that the county court did not take such official action on the delinquent tax list as is contemplated by sec. 6824, Revised Statutes, 1889.

4. ————: DELINQUENT LIST: STATE'S LIEN.   But the failure of the collector to properly return the delinquent list, or of the county court to correct and authenticate that list, will not impair the state's lien for taxes arising from a valid levy and assessment, or defeat the right to enforce that lien.

*Per Gantt, Thomas and Macfarlane, JJ.*

5. ————: ————: ————.   The orders of the county court, set forth in the opinion, show a sufficient approval of the delinquent tax list to constitute a compliance with sec. 6824, Revised Statutes, 1889.

*Appeal from Clay Circuit Court.*—HON. JAS. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

PLAINTIFF, as collector of Clay county, sued to recover the amount of certain taxes levied for the year 1873 upon lands of defendants in that county.

Upon a trial by the court, a judgment for defendant followed and plaintiff appealed in due course, after the usual exceptions.

*William M. Burris* for appellant.

(1) The assessment was regular and the assessor's book properly verified. Wagner's Missouri Statutes, 1872, sec. 61. p. 1170.   (2) The tax book was made out and certified by the clerk of the county court as the law required. Wagner's Missouri Statutes, 1872, sec. 65, 66, p. 1171.   (3) Back taxes are a lien in favor of the state and the lien existing heretofore is retained. Revised Statutes of Missouri, 1889, sec. 7677.   (4) The failure of the collector to return the delinquent list of taxes under oath does not affect the validity of the taxes nor the right of the state to enforce its lien therefor. *State ex rel. v. Schooley*, 84 Mo. 447; Revised Statutes of Missouri, 1889, sec. 7670; Wagner's Statutes of Missouri, 1872, sec. 172, p. 1194.   (5) Each tract of land is chargeable with its own taxes, no matter who is the owner, nor in whose name it is or was assessed. Revised Statutes of Missouri, 1889, sec. 7703; Revised Statutes of Missouri, 1879, sec. 6853; Wagner's Missouri Statutes, 1872, sec. 203, p. 1201; *State ex rel. v. Gibson*, 12 Mo. App. 1. (6) Irregularities and omissions shall not invalidate proceedings. Revised Statutes, 1889, sec. 7708; U. S. 1872, sec. 241, p. 1212. (7) The revenue law makes the back-tax bill *prima facie* evidence, that all that is required has been done. When an irregularity occurs, and such irregularity is shown, the *prima facie* character of the back-tax bill is destroyed. *State ex rel. v. Scott*, 96 Mo. 72. However, other evidence may be introduced to show that a proper assessment and levy was made and when this is shown no irregularity or omission can prevent the state from having its lien enforced. *State ex rel. v. Schooley*, 84 Mo. 447; Revised Statutes of Missouri, 1889, sec. 7670 and 7708; Wagner's Statutes of Missouri, 1872, sec. 172, p. 1194; Wagner's Statutes of Missouri, 1872, sec. 241, p. 1212.

*J. E. Lincoln* for respondents.

(1) The land was not assessed to the patentee or purchaser, as required by the statute (See Wagner's Statutes, 1872, sec. 49, page 1167, which is same as Revised Statutes, 1879, sec. 6706), but was put down as "unknown." Such an assessment was void. *Abbott v. Lindenbower*, 42 Mo. 162; *Gaines v. Fender*, 82 Mo. 508; *Hubbard v. Gilpin*, 57 Mo. 441; *Hume v. Wainscott*, 46 Mo. 145; *Blevins v. Smith*, 104 Mo. 590; 13 Mo. App. 433. (2) The assessment for 1878, under the statute was made August 1, 1872. The so-called assessor's book, introduced in evidence, did not show what year it was for. The affidavit to it made by Thos. A. Harsell, as shown by the book, was made in January, 1872, making it impossible for it to be the assessment for 1873. The evidence of B. B. Corbin could not change this date and make it a valid assessment. *State ex rel. v. Phillips*, 102 Mo. 668; *State ex rel. v. Cook*, 82 Mo. 185; *State ex rel. v. Schooley*, 84 Mo. 447; *Howard v. Heck*, 88 Mo. 456; *Pike v. Martindale*, 91 Mo. 268.

BARCLAY J.—Plaintiff's action failed in the circuit court because of a ruling in the form of an instruction that the evidence was insufficient to support a recovery.

Several questions arise in considering its correctness.

I. In the assessment of the land for 1873, the owner was described as "unknown." It appears that it then belonged to the widow and heirs of George Lincoln deceased, to whom the land had been conveyed by United States patent in 1843. The patent had been of record in the office for the registry of deeds in that county since that year.

The law in force at the time of this assessment required the assessor to arrange the list of lands

assessed, "as nearly as may be, in numerical order of range, township, section and parts of section," etc. * * * "with the owners' names, if known, and, if not, then with the name of the original patentee, grantee or purchaser from the federal government, the state or county, as the case may be," etc. (Session Laws, 1872, sec. 49, p. 92.)

But another section of the same law declared that "each tract of land or lot shall be chargeable with its own taxes, no matter who is the owner, nor in whose name it is or was assessed or advertised. The assessment and advertisement of lands or lots in numerical order shall be deemed and taken in all courts and places to impart notice to the owner or owners thereof, whoever or wherever they may be, that it is assessed and liable to be sold for the taxes, interest and costs chargeable thereon; and no error or omission in regard to the name of any person with reference to any tract of land or lot shall in anywise impair the validity of a sale or conveyance (in conveyance) thereof for taxes." (Session Laws, 1872, sec. 203, p. 124).

These sections relate to the same subject-matter, and the latter is obviously designed to furnish a rule for the construction of that first quoted. We simply give effect to the plain intent of the law in declaring that the assessment in question is not weakened because of the fact that the owner's name was returned as "unknown."

II. Defendant next asserts the invalidity of the assessment for 1873, because it appears on its face to have been verified by the assessor, January 20, 1872.

But the officer who authenticated the jurat was introduced as a witness and testified without objection that the year "1872," written by him therein, was a clerical error; that it should read "1873;" and that the

book in which it appeared was the assessment book for 1873.

The entry of "1872" would no doubt be treated as merely a clerical error in the circumstances, without the aid of extraneous testimony, inasmuch as the assessment book for 1873 was required by law to be prepared at a later date than January 20, 1872, and, in the absence of any showing to the contrary, it would be presumed to have been prepared at the time prescribed by the law. Its written contents moreover disclose that it could not have been in existence until long after January, 1872. So that the parol evidence was merely corroborative of the inference which the law would draw without it. There certainly is nothing in such an error to nullify the assessment.

III. The plaintiff's evidence consisted of the back-tax bill, accompanied with independent proof of a regular levy and assessment of the taxes for the year 1873, upon the land of the defendants. The only objections to the levy and assessment have already been disposed of. It is hence unnecessary to set forth the details of the testimony on that part of the case. But defendants further claim that plaintiff cannot reach a judgment because proper and sufficient action of the county court upon the delinquent list does not appear.

On this branch of the case it will probably be more satisfactory to the parties to refer to the testimony more particularly.

The delinquent list, containing the tax charge against this land for 1873, was filed April 20, 1874, and on that day the county court made the following order:

"Now comes John J. Moore, collector of the revenue for Clay county, Missouri, and makes his annual settlement for all taxes collected by him, on the tax book for the year 1873, for state purposes, in which settlement said collector charges himself as follows

(then come the debit items of the state revenue account), and claims credits as follows:

| | | |
|---|---:|---:|
| By land delinquent list—state revenue ................. . ............$ | 785 | 64 |
| By land delinquent list—state interest ......... .... .. .. .. | 982 | 05 |
| By personal delinquent list—state revenue ............ ...... | 494 | 60 |
| By personal delinquent list—state interest.... ............. | 618 | 25 |
| By personal erroneous assessment—interest ......... .. ..... | 8 | 52 |
| By personal erroneous assessment—revenue　.. ..... ..... | 6 | 82 |
| By real erroneous assessment—state interest ................ | 42 | 90 |
| By real erroneous assessment—state revenue · · · · · .......... | 34 | 33 |
| By delinquent of forfeited list taken upon the tax book—state revenue ...................................... ........ | 478 | 94 |
| By delinquent of forfeited list taken upon the tax book—state interest ........................................... | 415 | 93 |
| Errors on delinquent on forfeited list taken upon tax book— state revenue................... .. .. ...... ....... | 197 | 38 |
| By errors on delinquent on forfeited list taken upon tax book— state interest............... ...................... | 135 | 16 |
| *　　*　　*　　(Other items)　　*　　*　　* | | |
| Total credits...................................... $ | 21,066 | 43 |
| Balance due state less a credit of collector's commissions— allowed by the state auditor............. ........ .....$ | 2,145 | 08 |
| Commissions ......... ........ .................. .......... | 667 | 00 |
| Balance due state........... ...... ..................$ | 1,478 | 08 |

"Which settlement the court approves and orders the state auditor to be certified hereof." Then immediately follows a similar entry of particulars in respect to the land delinquent list for county revenue and funded debt taxes, at the close of which is this language: "Which settlement the court receives, approves and orders filed."

Defendants contend that, under the ruling of this court in *State ex rel. v. Scott* (1888), 96 Mo. 72, the above recited proceedings of the county court do not furnish a sufficient foundation for the present action. That contention, however, involves a misconception of the scope of that decision. The opinion discusses the force and effect of a back-tax bill as evidence of

liability, and holds that its character as *prima facie* evidence is destroyed when it is shown that the bill is predicated on a back-tax list "which, uncorrected and without any order of the court, the clerk of his own volition certified to be a correct list as returned by the collector." (See report of that case, p. 75.)

Not only is the recorded action of the county court quite different in the case at hand; but that decision does not purport to deal with the subject that forms the gist of plaintiff's reliance at bar. Here the plaintiff does not depend alone upon the tax bill, but the petition is framed and abundant evidence submitted with a view to enforce the state's lien for the taxes in suit, arising from a valid levy and assessment, a lien which antedates, and is wholly independent of the back-tax bill.

The statute law is very explicit on this subject, viz.:

"All real estate upon which the taxes remain unpaid on the first day of January annually shall be deemed delinquent and the county collector shall proceed to enforce the lien of the state thereon, as required by this act; and any failure to properly return the delinquent list as required by this act shall in no way affect the validity of the assessment and levy of taxes, nor of the judgment and sale by which the collection of the same may be enforced; nor in any manner to affect the lien of the state on such delinquent real estate for the taxes unpaid thereon." (Session Laws, 1872, p. 117, sec. 172, now sec. 7670, Revised Statutes, 1889.)

The failure of the collector to properly return the delinquent list, or of the county court to take appropriate official action thereon, does not impair the lien for taxes or the right of the state to enforce that lien, whatever may be the effect of such a failure upon the

back-tax bill as evidence in the action. Revised Statutes 1889, sec. 7708, formerly sec. 241, Session Laws, 1872, p. 135.

The judgment in *State ex rel. v. Scott* does not support any different construction of the revenue law from that we have just indicated. It is intended merely to adjudge the value of the back-tax bill as statutory evidence in such cases.

From what has been said it follows that the trial court was in error in directing a finding for defendant.

The tax lien stands against the property whether the tax bill was regularly made up or not. It is, therefore, not necessary to consider whether the record entries of the county court should be regarded as sufficiently showing the action of that court, required by section 7669 (Revised Statutes 1889, same as sec. 171, Session Laws 1872, p. 117), to give vitality to the tax bill as evidence. Plaintiff's right to collect these taxes is clear, without going to the tax bill for proof.

The judgment is reversed and the cause remanded. All the members of the court concur, GANTT, THOMAS and MACFARLANE, JJ., as indicated in their separate opinion.

### SEPARATE OPINION.

GANTT, THOMAS and MACFARLANE, JJ.—We concur in the result reached by the court in the foregoing opinion, but we wish to add that in our judgment the orders of the county court in this case show that that court properly approved the delinquent lists returned by the collector, within the meaning of the statute. It was made the duty of the county court to examine, compare and correct, if need be, the delinquent lists returned by the collector, and to allow him credit for the same, or so much thereof as was found to be properly returned. When, therefore, the court approved the settlement

with credits therein for delinquent lists returned, the court must have approved the delinquent lists, for their correctness was directly involved in the issues presented. It is not necessary that all the findings of a court of record should appear affirmatively in its minutes, but it is sufficient if it appear by the whole proceeding that the court passed on the questions presented. If the approval of the delinquent lists can be gathered from the whole record, which can clearly be done in this case, that is enough. *Jones v. Manly*, 58 Mo. 559; *Baker v. Henry*, 63 Mo. 517; *Grayson v. Weddle*, 63 Mo. 523; *Wilcoxon v. Osborn*, 77 Mo. 621; *Henry v. McKerlie*, 78 Mo. 416; *Wood v. Nortman*, 85 Mo. 298; *Moore v. Davis*, 85 Mo. 464; *Camden v. Plain*, 91 Mo. 117.