THE STATE ex rel. RAY McKEE, Collector of the Revenue, v. ALBINA C. CLEMENTS, Appellant.

Division One, March 2, 1920.

1. **TAXES:** Assessed in Name of Another.  Sections 11374 and 11385, Revised Statutes 1909, must be read together, and when that is done they make the taxes a charge on the land under all circumstances, regardless of who the owner or prior lienors may be, regardless of the name or names in which the land is assessed, and regardless of any error or omission in that respect.  So that where the owner was Albina C. Clements, and she had purchased a part of the land and acquired the balance by the will of C. C. Clements, and the deed and will had been recorded long before the assessments were made, an assessment made in the name of C. C. Clem-

ents as the owner did not invalidate the taxes, and her duty to pay them was just the same as it would have been had the assessments been made in her own name.

2. ———: ———: **Owner's Remedy.** The statutory corrective for the failure of the assessor to discharge his duty in carefully entering the names of the owner in the "real estate book" is an action on his bond. The validity of the assessment is in no wise dependent upon his failure to use diligence to ascertain the name of the owner at the time the assessment is made.

3. ———: ———: **Notice.** An assessment of land or lots in numerical order, or by plats and a "land list" in alphabetical order, in the manner prescribed by the statutes, imparts notice to the owner that the land is assessed and liable to be sold for the taxes chargeable thereon; and, when so assessed, the actual owner is not prejudiced because it was assessed in the name of another.

Appeal from Greene Circuit Court.—*Hon. G. A. Watson,* Special Judge.

AFFIRMED.

*Charles J. Wright* and *McLain Jones* for appellant.

(1) The certified copy of the back-tax bill made out in the name of Albina C. Clements was not admissible as evidence, for the reason that the assessment of the lands sued upon for the years mentioned in said petition were not assessed to the said Albina C. Clements, and the back-tax bill as offered as prima-facie evidence must substantially conform to the back-tax book and the back-tax book as offered in evidence showed the land assessed for the years in controversy in this proceeding to be assessed to C. C. Clements. Secs. 11372, 11498, R. S. 1909; State ex rel. v. Scott, 96 Mo. 72. (2) The law requires a valid assessment of the land to the true owner. Yender v. Wheeler, 9 Tex. 408; Vestal v. Morris, 39 Pac. 96; Johnson v. McIntire, 4 Ky. (Bib.) 295; Redmond v. Banks, 60 Miss. 293; Sutton v. Calhoun, 14 La. Ann. 209. A valid assessment of the property to the true owner, and notice of the judgment rendered against him, are indispensible to the validity of a tax title. Abbott v. Lindenbower, 42 Mo. 162. The assessment must be made against the own-

er when known.  Not against the property, and must be as certain to him as with respect to anything else. Kelsey v. Abbott, 13 Cal. 609.  "If the assessment is void the tax is void."  City of Hannibal v. Bowman, 98 Mo. App. 103. A failure to properly assess the property renders the tax void, and all proceedings to enforce it are nullities. Phelps v. Brumback, 107 Mo. App. 16.  A tax deed made in pursuance of an assessment against one who is not by the records shown to be the owner at the time is void.  Brown v. Hartford, 173 Mo. 183;  Wilson v. Fisher, 172 Mo. 10; State ex rel. v. Burroughs, 174 Mo. 70; Hubbard v. Gilpin, 57 Mo. 441.  (3) Statutes requiring real estate to be listed and assessed in the name of owner are mandatory and not merely directly, and assessment, made in the name of one, who is not the owner of the property, when the true owner is known or, by the exercise of ordinary care, could be discovered, is generally void, and will not support any proceedings for the enforcement of the tax, unless such errors are cured by statute. St. Louis v. Wenneker, 145 Mo. 230; Jackson v. Mack, 74 Mo. 61; Hein v. Wainscott, 46 Mo. 145; Abbott v. Lindenbower, 42 Mo. 162.

*Fred A. Moon* for respondent.

(1) Each tract of land is chargeable with its own taxes, no matter in whose name it may have been assessed. Sec. 11385, R. S. 1909; State ex rel. v. Hurt, 113 Mo. 93; Cape Girardeau v. Bunough, 112 Mo. 559. The law as contended for by appellant and as laid down in Abbott v. Lindenbower, 42 Mo. 162, was changed by the adoption of the foregoing statute in 1872. Laws 1872, p. 124.  (2) When respondent showed that property was duly assessed and taxes levied and extended on the tax books, and that they remained unpaid, it was entitled to judgment, regardless of the tax bills.  The suit is not founded on the back tax bills.  State ex rel. Miller v. Hutchinson, 116 Mo. 402; State ex rel. v Bank, 144 Mo. 386.  (3) At an early date in the state under statutes then in force, some of the objections here urged by the defendant might have

been valid, but the more liberal statutes of recent years and the decisions of this court construing them deprive these various assignments of all force.   State ex rel. v. Wilson, 216 Mo. 286.

RAGLAND, C.—This is a suit by the State, at the relation and to the use of the City Collector of the City of Springfield, to enforce the State's lien for certain delinquent taxes which had been assessed against two distinct parcels of land in said city and which were due in the years 1911, 1912 and 1913, respectively.  The assessor's books offered in evidence at the trial showed that both tracts had been assessed in the name of one C. C. Clements and that all the taxes in controversy were based on such assessments.  It was stipulated that the defendant at the time of the several assessments was the owner of both tracts; that she acquired tract 1 by the will of Dr. C. C. Clements, which was duly probated and thereafter recorded in the proper office January 5, 1906; and that she purchased tract 2 with her separate means in 1887, taking the title in her own name and duly recording the conveyance thereof.  It was also admitted by defendant that the taxes sought to be collected by this preceeding were unpaid and that they constituted valid liens against the respective tracts of land described in the petition, unless the assessments in the name of C. C. Clements on which they were based rendered them invalid.

The court found the issues for the plaintiff and rendered judgment accordingly.  From the judgment so rendered defendant appeals.

I.  The only question for decision is whether the assessments were invalid because not made in the name of the owner of the land.  The City of Springfield during the years in which the several assessments were made was organized as a city of the third class.  The statute then governing such cities required the city assessor jointly with the county assessor to assess all property in such city both real and personal, and that the assessments of city property, as made

Ordinances.

by the city and county assessors, respectively, should conform to each other. The ordinances of the City of Springfield relating to the assessment of property are not before us, but it should be presumed that they conform to the statutes in respect thereto. Both parties have briefed the case on the theory that the general statutes of the State governing the assessment of lands for taxation are controlling. In disposing of the question under consideration we will accord them such effect.

II. In prescribing the manner of making that part of the assessor's book denominated the "land list," Section 11372, Revised Statutes 1909, provides that all lands "shall be placed in the 'land list,' with the owner's name, if known, and if not, then the name of the original

**Assessment.** patentee, grantee or purchaser from the Federal Government, . . . opposite thereto." Section 11374, applicable to counties having a population of 40,000 or more, such as the one in which the City of Springfield is located, requires that the assessor be provided with a "real estate book" which shall contain all lands subject to assessment, that the book shall be tabular in form with suitable captions and separate columns, and that the first column shall contain the name of the owner or owners, if known, if not, the name of the party who paid the last tax; if no tax has ever been paid, then the name of the original patentee, etc. *In pari materia* with the foregoing sections, is Section 11385, which is as follows:

"Each tract of land or lot shall be chargeable with its own taxes, no matter who is the owner, nor in whose name it is or was assessed. The assessment of land or lots in numerical order, or by plats and a 'land list' in alphabetical order, as provided by Sections 11372 and 11373, shall be deemed and taken in all courts and places to impart notice to the owner or owners thereof, whoever or whatever they may be, that it is assessed and liable to be sold for taxes, interest and costs chargeable thereon; and no error or omission in record to the

name of any person, with reference to any tract of land or lot, shall in anywise impair the validity of the assessment thereof for taxes."

Read and construed together the three sections seem to mean, that land shall be assessed in the name of the owner, if known; if not, in the name of the party who paid the last tax; if no tax has ever been paid, then in the name of the original patentee, etc., but each tract of land or lot shall be chargeable with its own taxes, no matter who is the owner, nor in whose name it is or was assessed, and no error or omission in regard to the name of any person, with reference to any tract or lot, shall in anywise impair the validity of the assessment thereof for taxes. It is said that a tax is assessed against the owner, that he and not his property pays the tax, and that the property is resorted to merely for the purpose of ascertaining the amount of the tax. [Gitchell v. Kreidler, 84 Mo. 472; State ex rel. v. Snyder, 139 Mo. 549.] Yet such tax so far as it is assessed against him on account of his ownership of real estate cannot be recovered as and for a debt owing from him in an action at law. [Carondelet v. Picot, 38 Mo. 125.] Under our system there are but two methods of collecting a real-estate tax. One is a distraint of the owner's personal property, and the other is the enforcement of a lien on the real estate on account of which the tax is assessed. It may be conceded that such a tax could not be collected by distraint of the owner's personal property, unless it was assessed against him, that is, unless the land was assessed in the owner's name, but, so far as the creation of a lien on the land is concerned, it is immaterial in whose name it is assessed. By said Section 11385 each tract of land is chargeable with its own taxes no matter who the owner is or in whose name assessed. The assessment of land or lots in numerical order, or by plats and a "land list" in alphabetical order, as provided by preceding sections, imparts notice to the owner that it is assessed and liable to be sold for the taxes chargeable thereon. This and related sections

make the taxes *a charge on the land* under all circumstances, regardless of who the owner or prior lienors may be, regardless of the name or names in which it is assessed, and regardless of any error or omission in that respect. What is here said has no reference to the enforcement of the lien by suit. The determination of necessary parties thereto rests upon other considerations. [Meriwether v. Overly, 228 Mo. l. c. 250; Paving Co. v. Realty Co., 199 Mo. App. l. c. 244.]

Abbott v. Lindenbower, 142 Mo. 162, was decided before the enactment of Section 11385. [Laws 1872, p. 124.] In St. Louis v. Wenneker, 145 Mo. 230, the tax bills were declared void because the underlying assessment had not been made, nor had it been *intended* to be made, *in the name of any one*. We see no reason for extending or enlarging upon the holding made in that case, when to do so would plainly violate both the letter and the intent of the statute. [Cape Girardeau v. Burrough, 112 Mo. 559; State v. Hurt, 113 Mo. 90.]

There is no question here of the failure of the assessor to use diligence to ascertain the name of the owner at the time he made the assessment; the validity of the assessment is not dependent upon that. Whose, if any one's, dereliction caused the error or omission is wholly immaterial. The statutory corrective for the failure of the assessor to discharge his duty in carefully entering the names of the owners in the "real estate book" is an action on his bond. [R. S. 1909, sec. 11375.] Defendant knew that taxes had been assessed against her lots, that they had not been paid, and that the amount thereof was easily ascertainable. She was in no respect prejudiced because they were assessed in the name of another.

The judgment should be affirmed. It is so ordered. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur.