STATE OF MISSOURI at the Relation of LUND & SAGER, INCORPORATED, a Corporation, v. JERRY MULLOY, Judge of Division No. 2 of the Circuit Court of the County of St. Louis.—49 S. W. (2d) 1.

Division One, April 16, 1932.

A. E. L. Gardner and Brackman & Versen for relator.

334

*John A. Noland* and *Wurdeman, Stevens & Hoester* for respondent.

GANTT, P. J.—Original proceeding in prohibition. On July 17, 1931, respondent judge appointed temporary receivers for Lund &

Sager, a corporation, engaged in building concrete highways. He did so in Arthur Bauer v. Lund & Sager, et al. The other defendants are parties either as organizers of the corporation or as holding funds of the corporation. The order required the receivers to give bond and directed them to take charge of the assets of defendants, collect all accounts due, pay all bills and do all things necessary as temporary receivers. Further, the court ordered the defendants to appear on July 25, 1931, and show cause why the appointment should not be made permanent. The receivers gave bond and were about to proceed under the order to take charge of the property and business of the corporation when our provisional rule was granted.

Relator contends that respondent in appointing said receivers proceeded in excess of his jurisdiction in that the petition alleged no facts authorizing the appointment of receivers without notice to defendant corporation and that even on notice respondent was without authority to make the appointment for the reason the petition did not state a cause of action authorizing the appointment of receivers.

The petition in Bauer v. Lund & Sager, et al., alleged that plaintiff was in the business of writing surety bonds for contractors engaged in highway construction in Missouri; that he came in contact with many contractors; that Fred A. Borsenberger, engaged in constructing highways in St. Louis County, was in financial difficulties; that a large part of Borsenberger's equipment was encumbered with chattel mortgages; that plaintiff informed defendant Lund of Borsenberger's financial difficulties; that Lund purchased Borsenberger's equipment for $6,000, and formed a partnership with plaintiff for the construction of highways; that out of the profits Lund was to retain the $6,000, and divide the balance equally between plaintiff and Lund; that under said partnership Lund successfully bid for highway construction in certain places and received large profits; that plaintiff helped in figuring on contracts, kept the payrolls, devoted the greater part of his time to the management of the business, made numerous trips to Jefferson City for the purpose of collecting the estimates, obtained bidding checks that Lund might be able to bid on contracts, and that he so continued until the —— day of February, 1930, when he and Lund agreed that additional capital was necessary to complete the contracts and make payments on equipments; that he approached defendant Sager and invited him into the partnership; that Sager informed him that he was interested, but later informed him that it would be advisable for Lund, plaintiff and himself to incorporate the business; that they agreed in writing to do so; that the agreement authorized a

certain attorney to incorporate a $50,000 corporation with $35,000 paid in equipment, $5,000 paid by Sager, and $15,000 treasurer stock. For the $5,000, Sager was to receive thirty-three per cent of the stock and the balance to be issued was to be divided between plaintiff and Lund, in accordance with an alleged separate agreement between them by which Lund would retain the majority of the stock of the corporation.

The petition further alleged that thereafter Lund successfully bid on several contracts and that a corporation was formed, but Lund & Sager denied to plaintiff an interest in the business; that Lund assigned to the corporation all of his interest in the construction contracts and all of the equipment acquired by the partnership between plaintiff and Lund, and that said assignments were for the purpose of defrauding plaintiff; that plaintiff is informed and believes and avers the fact to be that defendants are about to receive large sums of money from the State Highway Department and St. Louis County, and that defendants have large sums of money on deposit in the Tower Grove Bank and Franklin-American Trust Company; that Borsenberger, a general creditor, has filed suit against Lund & Sager for large sums of money, and that plaintiff believes there are other creditors who have claims against defendants; that construction work is ''wholly seasonable;''·that large sums of money will in all probability be paid to defendants by the end of September, 1931, and that if defendants are permitted to collect this money they will appropriate same to their own use and plaintiff will be unable to collect the money due him; that plaintiff is denied access to the books of the corporation and that unless defendants be required to give plaintiff an account of all moneys collected he will be unable to determine the amount due him from said business; that unless a temporary receiver be appointed to take charge of the machinery and equipment belonging to defendants and take charge of the moneys on deposit in said banks, plaintiff will be in danger of losing large sums of money and his interest in said equipment. ''Wherefore, plaintiff prays the court that an accounting be had between him and the defendants Lund and Sager and the defendant Lund & Sager, Incorporated; that for the purpose of liquidating and conserving the assets of the defendants Lund and Sager and the defendant Lund & Sager, Incorporated, a receiver be appointed to complete all of the said contracts of the said defendants Lund and Sager and the defendant Lund & Sager, Incorporated, and to take charge of all of the said machinery and equipment belonging to said defendants and to collect all money due said defendants from the county of St. Louis, and the State Highway Department of the State of Missouri and the defendant banks named herein, and to require the

defendants to account to this plaintiff for any moneys received by them and now held by them as profits from said business, and for all such further orders in the premises as to the court may seem just, meet and proper, including all general equitable relief.''

As stated, defendants contend that respondent had no authority to appoint a receiver without notice. Plaintiff invested no money in the alleged partnership with Lund, insolvency is not alleged directly or indirectly, and there is no hint of mismanagement. On the contrary, the petition shows a going concern with large sums of money on deposit in banks and large sums accruing on completion of contracts. In this situation the appointment without notice was an abuse of power and in excess of jurisdiction. [State ex rel. Kopke v. Mulloy, 329 Mo. 1, 43 S. W. (2d) 806.]

Defendants next contend that the petition did not state a cause of action authorizing the appointment of receivers. It appears from the petition that plaintiff had no interest in the corporation. He owned no stock. And if Lund unlawfully assigned the alleged partnership assets to the corporation, that question could not be determined in a suit for an accounting against all the defendants. And if plaintiff had a binding agreement with Sager as to the organization of a corporation, he could sue on a breach of contract. The claim against Sager could not be used as a basis of an accounting suit. Thus it appears that plaintiff is not entitled to an accounting from all the defendants on the theory of his relationship with Lund. The petition did not state a cause of action authorizing the appointment of receivers. ''Absent a cause of action stated in the main case, there is no main case pending, and the court is without power or jurisdiction to appoint a receiver.'' [Laumeier et al. v. Sun-Ray Products Co., 50 S. W. (2d) 640.] Furthermore it is clear that the purpose of the suit was to wind up and liquidate the business of the corporation by a receivership. Plaintiff so characterized the action in his affidavit to the petition. He therein swore ''that he is familiar with the facts set forth in the foregoing petition for receiver, and the same are true and correct according to his best knowledge, information and belief.'' And in the prayer for relief he asked that a receiver be appointed ''for the purpose of liquidating and conserving the assets of the corporation and the assets of defendants Lund and Sager.'' Proceedings by receiverships should not be maintained for the purpose of liquidating a business. All of these questions were considered and the authorities reviewed in State ex rel. Kopke v. Mulloy, supra.

Our provisional rule should be made absolute. It is so ordered. All concur.