KANSAS CITY, a Municipal Corporation, v. MELL R. MARKHAM, ISHMAEL S. O'DELL and BRYAN HERRING, Doing Business as KANSAS CITY TRADING COMPANY, Appellants.—99 S. W. (2d) 28.

Division One, November 12, 1936.

754

*Julius C. Shapiro* and *Maurice J. O'Sullivan* for appellants; *J. Francis O'Sullivan* of counsel.

*George Kingsley* and *Marcy K. Brown, Jr.,* for respondents.

*Thomas F. McDonald, Frank B. Coleman, R. Forder Buckley, Clifford Greve, Fred E. Moore, Jr., Norman C. Parker, Claude O. Pearcy, Robert A. Roessel, Robert Bruce Snow, Jr., Fred M. Switzer, Jr., C. Kenneth Thies,* and *John C. Tobin, amici curiae; F. E. Williams* of counsel.

HAYS, J.—This is an appeal from an order of the Circuit Court of Jackson County refusing to revoke its order appointing a receiver *in limine* in an injunction suit.

Pending this appeal, the defendants in a companion case, Kansas City, respondent, v. Leak et al., No. 33031, brought in this court a proceeding in prohibition against the circuit judge, and the ancillary receiver appointed by him, to regain the possession of property of the defendants which the receiver had seized under the ostensible authorization of the circuit court's order appointing him. This court decided that the circuit court acted in excess of its jurisdiction in maintaining the receiver in possession of the property after the appeals now before us had been granted and *supersedeas* bonds given and approved, and this court made the preliminary rule absolute to the extent of prohibiting the circuit court through its receiver from keeping possession of said property pending such appeal, and ordered immediate restoration thereof. [State ex rel. Leak v. Harris, 334 Mo. 712, 67 S. W. (2d) 981.] The underlying facts of this case may be found in that decision, and such additional matters as we may state will specially relate to the appointing of the receiver and the refusal of the circuit court to revoke such appointment.

The respondent has briefed the case at large; *amicus curiae*, representing the Small Loan Committee of the St. Louis Bar Association, have limitedly briefed it and upon but one phase—a phase, as it happens, outside the issue involved in this appeal; and appellants rely solely upon two propositions which will be stated later.

This court cannot on appeal from a refusal to vacate the interlocutory order appointing a receiver decide the main branch of the case, but will determine whether the bill is sufficient to call into action the power of the court to make the order; for the appointment of the receiver was only incident to the relief sought. [Tuttle v. Blow, 163 Mo. 625, 643, 63 S. W. 839; Zeitinger v. Hargadine-McKittrick Dry Goods Co., 309 Mo. 433, 453, 274 S. W. 789.] The object of the suit, or the final relief as stated in the bill, is a "per-

manent injunction, restraining and enjoining defendants from lending money at a rate of interest greater than that permitted by the laws of the State of Missouri;'' such restraint operating purely *in personam* and in no respect *in rem*. The subject matter of the suit is the state of facts that gave rise to respondent's alleged right to perpetual injunction.

Respondent predicates its right to the ancillary receivership upon the theory of nuisance and certain facts averred which it insists clearly determine the nuisance feature. Respondent's counsel summarize the facts in that regard as follows:

''Briefly, they are the numerous and repeated acts of coercion, harassment, threats, force and fraudulent misrepresentations, threats of garnishment, acts, arguments, telephone calls, collect telegrams, protests to employers, demands, imposition on ignorance and other various ways which are part and parcel of the nefarious trade carried on by the appellants. *These acts are not confined to the places of business*, but extend in their various ramifications throughout the city, into business houses employing the victims, into the very homes of the victims themselves, without which, of course, appellants' business could not exist because it is the inherent impulse of every person once in the thralldom of these usurers to resist what they know is illegal, but which they have not the knowledge or power to overcome. The violation of the usury laws of course is the backbone of the system, but the foregoing methods of recovering illegal payment constitute the most forceful evidence of the existence of the nuisance. Not only do the State laws (R. S. 1929, secs. 2839, 2844, and secs. 5544-5564, and secs. 4421 and 5526) condemn this nuisance but the city ordinances (cited) passed in compliance with charter provisions (set out) also condemn such acts.''

The specific allegations of the bill upon which a right to the appointment of a receiver is predicated are in substance these: (1) The defendants are about to dispose of their property to individuals not subject to the jurisdiction of the circuit court with the intent to defraud creditors and to render judgment of this court ineffectual; (2) and that one of the defendants is a nonresident of the State.

The bill contains a special prayer that a receiver be appointed immediately without notice to the defendants and that he be ordered to take into his possession immediately all records, papers and other property belonging to said defendants used in connection with the lending of money as described in the bill, and that he be ordered to determine the exact situation in respect to each loan of said defendants and ascertain the amount of the principal sum loaned to each borrower, the rate of interest charged on said loan, the amount paid as interest and the amount paid on the principal, and report his findings to the court for further orders.

The court *in limine* appointed the receiver without notice and without hearing evidence, and ruled the defendants to show cause on a given date, why the appointment should not be continued. The substantial part of the court's order is as follows:

"It appearing from the verified petition of the plaintiff and the statement of its attorney that the above named defendants and each of them are conducting, carrying on and maintaining a common nuisance to the people of Kansas City, Missouri, in Kansas City, Jackson County, Missouri, and that the plaintiff is entitled to the immediate appointment of a receiver herein, it is hereby ordered by the Court that J. H. Smedley be and he hereby is appointed receiver herein, to take possession of the said business and all papers, records, books and other property of whatever kind, located in Jackson County, Missouri, belonging to or used by said defendants in said business. It is further ordered that said receiver shall retain possession of said business and said property until the further orders of the court."

Though appellants' motion to revoke the receiver's appointment sets up numerous grounds—some going to the merits of respondent's case, those germane to the matter at hand present but three questions: (1) Want of notice to the appellants; (2) lack of power on the part of the court to make the appointment under the bill as framed; and (3) the appointment being without warrant of law, the seizure of appellants' property was in violation of constitutional guaranties.

█ It is essential to the appointment of a receiver over property, funds or assets, that the applicant show either that he has a clear right or apparent right or title in or to the property itself, that he has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim. [53 C. J., pp. 27-28.] That is to say, the property itself must be involved, directly, not incidentally. Without such a showing the property is not involved in the proceeding, and the court is without power to appoint a receiver at any stage of the controversy. [Sedberry v. Gwynn, 282 Mo. 632, 647, 222 S. W. 783; State ex rel. Lund & Sager v. Mulloy, 330 Mo. 333, 337, 49 S. W. (2d) 1; 23 R. C. L., p. 13.]

█ In applying these principles to the above summary of the bill and order of appointment, we have no difficulty in reaching the conclusion that the order was improvidently and arbitrarily, and therefore unlawfully, made. The seized property not being involved, no purpose of the case was served thereby: The operation of the business by the receiver is inconceivable; he could put the books and papers to no other use; the respondent had no interest in them, and there was no ultimate disposition the court could, within the issues

of the case, have made of them but restore them to the appellants. In no case to which we have been referred has a receivership been created and continued under a state of facts similar or even cognate to that now under consideration.

The fact that it was made without notice has become inconsequential, in view of what has just been said. However, it has been authoritatively said that, even though a receiver should not be appointed without notice to the party whose property is to be affected, except in cases of greatest emergency, and should not be so appointed when the court has the power to grant a temporary restraining order; yet the party entitled to notice may waive same by appearing and moving to vacate the appointment on grounds going to the merits. These appellants did that, thereby, in legal effect, entering their general appearance in the cause; although, it should be noted, the court in this instance apparently disregarded their motion as affecting the merits.

■ The motion in question seeks (in effect and in so far as this appeal is concerned), through the revocation of the receiver's appointment, the absolute and unconditional return of the property to the appellants, on the ground that the seizure thereof under the court's unlawful order was in violation of Sections 11 and 23 of Article II of the State Constitution.

The respondent insists that "the business of appellants is absolutely illegal. It has no justification in law. No property rights are involved because of this illegality."

It is true that by statute (R. S. 1929, sec. 2969) assignments of unearned wages are declared to be void. There are other statutes which declare unlawful the keeping of certain places, and in some instances their incidental physical aids, a criminal offense, e. g., gambling houses and gaming devices, bucket shops, or other places for certain forms of dealing in stocks, bonds, products and commodities; and there is a statute which voids contracts made in violation of such laws. But there is no statute directed against the places where usurious loans are made, nor any statute making unlawful the possession of papers, books, or records incidental to usurious loans. We are unable to say whether this is an intentional legislative omission, or an oversight. If so be the business conducted by the appellants was a common nuisance—a question not for determination and not determined herein,—nevertheless the seizure in question was not authorized by law.

Manifestly the purpose of it was to serve in an evidentiary way, and there was no other end it could have served, as shown above. The order was all-embracing, county-wide in its scope, and it described and located no particular property. When, in pursuance of the order, the property had been listed and reported to the court,

the report was, of course, subject to inspection by respondent's counsel and might have been of valuable aid to the respondent.

On the whole we are of opinion that the receiver's taking of the property was the equivalent of an unlawful search and seizure and violative of constitutional provisions Section 11 of Article II, referred to above. (A consideration of Section 23 of said article would be anticipatory and premature, and hence improper on the issue before us.) Such is the interpretation that has been placed on said Section 11 by this court and by the Federal courts placed on a similar Federal constitutional provision. [State v. Owens, 302 Mo. 348, 259 S. W. 100, 32 A. L. R. 383; Ex Parte Brown, 72 Mo. 83; State ex rel. v. Simmons Hdw. Co., 109 Mo. 118, 18 S. W. 1125; Hale v. Henkel, 201 U. S. 43, 50 L. Ed. 652; Boyd v. United States, 116 U. S. 616, 29 L. Ed. 746.]

The order of the circuit court overruling said motion to vacate and set aside the order appointing a receiver is reversed and the cause remanded and that court is directed to sustain said motion to the extent of vacating the order appointing a receiver and restoring the property in question to the appellants. All concur.