SAMUEL J. T. STRAUS, as Trustee, and WILLIAM R. ORTHWEIN, as Cotrustee, Appellants, v. JULIUS E. TRIBOUT, AGNES C. TRIBOUT, CHASE HOTEL COMPANY, a Corporation, Defendants, CHASE HOTEL, INC., a Corporation, Appellant, Respondent, STATE OF MISSOURI, a Claimant, Appellant, Respondent.—146 S. W. (2d) 617.

Division One, January 4, 1941.

*Sullivan, Reeder, Finley & Gaines* for Samuel J. T. Straus, Trustee, and William R. Orthwein, Cotrustee; *Jones, Hocker, Gladney & Grand* for Chase Hotel, Inc.

*Roy McKittrick,* Attorney General, *Joseph A. Lennon* and *Russell C. Stone,* Assistant Attorneys General for the State of Missouri; *William G. Marbury* of counsel.

HYDE, C.—This is a proceeding to collect corporation franchise taxes, begun by intervening petition filed by the State in this action for foreclosure of a deed of trust and chattel mortgage. The trial court entered judgment for $2273.42, the principal amount of the franchise taxes claimed to be due, for the years 1933, 1934, 1935 and 1936, but denied judgment for any interest and penalties; and

ordered that such "amount of $2273.42 is and shall be a first prior and paramount lien against all of the properties" herein involved. All interested parties have appealed and file a joint abstract. [1] We have jurisdiction because the construction of the revenue laws of this State is involved, within the meaning of Section 12, Article 6, of our Constitution.

This suit was commenced to foreclose a deed of trust · (on the building) and chattel mortgage (on the contents) given to secure payment of funds borrowed to build and furnish the hotel building, known as the Chase Hotel, in St. Louis. This trust deed (containing a chattel mortgage) was made October 1, 1921, by Julius E. Tribout and wife. Default by the Chase Hotel Company, subsequent owner, occurred in 1931, and at that time possession was given to plaintiffs, as trustees for the bondholders, who commenced this foreclosure suit in June, 1931. In this suit, the trustees asked that an accounting be had to determine the amount due; that, "to satisfy the amounts found to be due," the mortgaged premises and personal property "be ordered sold;" and that "the·equity of redemption of defendants in and to said property be forever foreclosed." Defendant Chase Hotel Company, owner of the property by mesne conveyances from the Tribouts, unsuccessfully asserted the defense of usury in the trial court and in this court. [Straus v. Tribout, 342 Mo. 511, 116 S. W. (2d) 106.] In November, 1931, after filing of answer and cross petition, plaintiffs filed a supplemental petition asking that a receiver be appointed "in accordance with the provisions of Section 2 of Article IX of said mortgage (this mortgage provision was set out in this supplemental petition), such receiver to enter into possession of the mortgaged property and hold, manage and operate the same under the orders of this court." The court appointed Henry W. Kiel as receiver "of all and singular the property and premises described in the petition and particularly the property described in or referred to in the trust deed and chattel mortgage dated October 1, 1921," and confirmatory chattel mortgages executed in 1923 and 1929. The receiver was "directed to immediately take possession of said property and premises and to operate, manage and conduct the hotel known as the Chase Hotel," and was "authorized to operate all departments of said hotel." He was given power to employ help, to enter into utility service contracts, and to repair, redecorate and rehabilitate the property and premises. This order also enjoined "the Chase Hotel Company and its officers, directors, agents and employees . ·. . from interfering or in. any manner whatsoever disturbing the Receivers' possession." In February, 1935, the court entered a decree of foreclosure and appointed a Special Commissioner to sell the property and premises. After the unsuccessful appeal of the owner to this court, sale was made on October 31, 1938, to a Bondholder's Committee. Order confirming the sale was made December 1, 1938.

The State's claim for 1933 and 1934 franchise taxes of the Chase Hotel Company was filed in October, 1934; claim for 1935 franchise tax was filed in March, 1936; and claim for 1936 franchise tax was filed in September, 1936.

It is the contention of the Attorney General (based on Section 4647, R. S. 1929) that the State has a lien for these franchise taxes, for 1933, 1934, 1935 and 1936, which "takes precedence over all liens and mortgages (upon the corporation's property) without regard to dates of such liens and mortgages." It is also contended that the receiver was the receiver of the corporation, Chase Hotel Company, used its corporate franchise and became liable for payment of these franchise taxes. The order appointing the receiver provided that he "is authorized to pay all taxes, whether now due or hereafter becoming payable." The receiver did register the corporation in order to comply with Section 4620, R. S. 1929, and made the annual statements required of a corporation by Section 4642, R. S. 1929. He described his position, in these reports, as "Circuit Court Receiver of properties of the above named corporation." It also appeared from the testimony of the attorney for the corporation that the last meeting of its board of directors "was in the early part of 1932;" that the officers filed the anti-trust affidavit "for the first year or two thereafter;" that it had no property other than that covered by the trust deed and chattel mortgage herein foreclosed, except some uncollected accounts and funds in its bank account at the time of default; and that the trustees contended that such money and accounts had been turned over to them to pay property taxes then delinquent. The court finally found in favor of the corporation as to part of this money and made allowances against this part, for attorney's fees and costs, to the corporation.

It seems plain that Mr. Kiel was only a receiver of mortgaged property pending foreclosure, and not a receiver of the Corporation which owned and operated the Hotel at the time of default. Clearly his function was to hold and operate the property for the benefit of the holders of the mortgage debt, and not to operate or liquidate the corporation for the benefit of its general creditors or stockholders. [Farmers' Savings Bank v. Pomeroy (Iowa), 233 N. W. 488; U. S. Trust Co. v. N. Y. W. S. & B. Ry. Co. (N. Y.), 5 N. E. 316; Scott v. Farmers' Loan & Trust Co., 69 Fed. 17; New York Title & Mortgage Co. v. Polk Arms, Inc. (N. Y.), 186 N. E. 35; Kane v. Roxy Theatres Corp., 63 Fed. (2d) 754; Bank of Commerce & Trust Co. v. Hood, 65 Fed. (2d) 281.] We know of no good reason why such a receiver could not be authorized to continue the operation of a going hotel business on the premises pending foreclosure, without operating it through a corporation. This would simply be a method of obtaining the rents and profits of the mortgaged property for the purpose of application upon the mortgage debt; and the mortgage provision

154

for such a receiver provided that he should have "all the powers and duties of the Trustees in case of entry," which specifically authorized such operation. Anyhow, the only proceeding before the court, when he was appointed, was an action to foreclose the trust deed, the chattel mortgage contained in it, and its confirmatory chattels, and he was appointed to act only in that case. Therefore, the only kind of a receivership warranted by the allegations of the petition, and supplemental petition for a receiver, was a receiver of mortgaged property pending foreclosure. There were no allegations in the petition to support or authorize the dissolution of the corporation and winding up of its business by a corporate receiver, or operating the corporation for any purpose. Receivership of a corporation is only ancillary relief and a court can only have jurisdiction of such a proceeding in a case where there is a cause of action stated for ultimate relief which would warrant it. [State ex rel. Kopke v. Mulloy, 329 Mo. 1, 43 S. W. (2d) 806; State ex rel. Lund & Sager v. Mulloy, 330 Mo. 333, 49 S. W. (2d) 1; Laumeier v. Sun-Ray Products Co., 330 Mo. 542, 50 S. W. (2d) 640; Monticello Building Corp. v. Monticello Inv. Co., 330 Mo. 1128, 52 S. W. (2d) 545.] The only ultimate relief herein sought was foreclosure. Such relief did not require liquidation (or operation) of the corporate owner of the property, for the benefit of general creditors, and that was not sought by any party hereto. We, therefore, hold that the receiver was not the receiver of defendant corporation. We also hold, which is of course obvious, that such a receiver could not waive plaintiff's mortgage lien and create liens prior to it by making information returns or by anything else he did in this case.

 The annual franchise tax is established by Section 4641, R. S. 1929. Other corporation taxes are provided by other sections of the same Article. [Art. 1, Chap. 32, R. S. 1929.] Section 4647, R. S. 1929, provides: "The taxes and penalties to be paid by the provisions of this article shall be a first lien on all property and assets of the corporation within this state." Section 4648, R. S. 1929, provides for collection of all taxes established by Article 1 by suit "in the name of the state," and makes judgment therein "a first lien on all properties and assets of the corporation within this state." The taxes provided in Article 1 are all taxes against the corporation itself and are not like taxes against specific real property levied upon the interest of every person in such real property. [Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. 1142; State ex rel. McKee v. Clements, 281 Mo. 195, 219 S. W. 900; McAnally v. Little River Drainage Dist., 325 Mo. 348, 28 S. W. (2d) 650.] Here we have a case of a valid first mortgage given by private individual owners of real estate, and personal property. Years later this real estate, and other property, is sold to a corporation subject to the mortgage debt. What did the corporation buy? Surely it

bought nothing but the equity of redemption in encumbered property. It did not pay the mortgage debt and the trustees, for the holders of the mortgage debt, took possession after condition broken. Later their possession was turned over to a receiver who acted in their stead. After all this had happened, the State assessed franchise taxes, for years subsequent to the default and delivery of possession after commencement of foreclosure, against the corporate owner which at all times only owned subject to the mortgage. We cannot hold, under such circumstances, that the ''property and assets of the corporation'' within the meaning of Section 4647 against which the lien of the State attached thereunder for such taxes, was anything more than the actual interest and estate of the corporation in the property at the time such taxes were assessed; namely: the equity of redemption. Such holding is in line with recent rulings as to the State's lien established by Section 4598A, R. S. 1929, as amended Laws 1937, p. 204 [Vincent Realty Co. v. Brown, 344 Mo. 438, 126 S. W. (2d) 1162; In re Mosby Coal & Mining Co., 24 Fed. Supp. 1022.] It is also in line with what we have held concerning the lien of the State upon assets of insolvent banks as against the rights of holders of preferred claims. [State ex rel. v. Farmers' Exchange Bank, 331 Mo. 689, 56 S. W. (2d) 129; In re Mt. Vernon Bank, 334 Mo. 549, 66 S. W. (2d) 850, 1. c. 854; State v. Bank of Southeast Missouri (Mo.), 107 S. W. (2d) 1.] It is also in line with decisions in other jurisdictions in somewhat similar situations. [Third Avenue Building & Loan Assn. v. Prothero (N. J.), 1 Atl. (2d) 20; Scottish American Mortgage Co. v. Minidoka Co. (Idaho), 272 Pac. 498; notes 47 A. L. R. 378 and 65 A. L. R. 677; see also Morrison v. Herrington, 120 Mo. 665, 25 S. W. 568.] It is likewise in accordance with our system for collection of personal property taxes. [See Sec. 9940, R. S. 1929, 12 Mo. Stat. Ann. 7984.] We, therefore, hold that the lien provided by Section 4647 was intended to attach only to the actual interest of the corporation in all property owned by it at the time any franchise tax was assessed; and that it did not take precedence over plaintiff's valid mortgage already on the property when the corporation acquired title to it subject to such mortgage. However, what we have said is not to be applied to computation of franchise taxes under Sec. 4641, R. S. 1929.

The judgment is reversed. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.