SNODDY *et al.*, *Appellants*, v. JASPER COUNTY.

Division One, November 15, 1898.

**Appeals:** ABSTRACT. The rules of this court require that "the abstract must set forth so much of the record as is necessary to be consulted in the disposition of the assigned errors." Where the abstract does not disclose that any error was committed in the trial court, the judgment will be affirmed.

*Appeal from Jasper Circuit Court.*—Hon. W. M. Robinson, Judge.

Affirmed.

Wm. Thompson for appellants.

Howard Gray for respondent.

Williams, J.—This is a proceeding begun in the county court of Jasper county to establish a new public road. Appellants complain of the absence from the record of necessary recitals to show jurisdiction in *that* court. They further object to rulings alleged to have been made upon a trial anew in the *circuit* court, where the case was taken on appeal.

The abstract of the record presented for our consideration does not contain any of the orders of the county court. It is entirely silent concerning the jurisdictional facts shown by the record of that court. If any judgment was rendered by the circuit court, it is omitted from the abstract, and no allusion is made to it. Exceptions may have been saved to the rulings of the trial judge, but, if so, we are left in ignorance of them. If a bill of exceptions was filed, no mention is made of it. Appellants seem to concede the insufficiency of the abstract by pointing us to the transcript for proof of assertions in their brief. Our rules require that *"the abstract* must set forth a copy of so much of the record *as is necessary to be consulted in the disposition of the assigned errors."* This rule has been so often construed and applied that no doubt can remain about its requirements. *Sedgwick Co. v. Newton Co.*, 144 Mo. 301; *Ramsey v. Shannon*, 140 Mo. 281; *Walser v. Wear*, 128 Mo. 652; *Carlisle v. Russell*, 127 Mo.

465; *Nolan v. Johns*, 126 Mo. 159; *Jayne v. Wine*, 98 Mo. 404.

SHERWOOD, J., said in *Ramsey v. Shannon*, *supra*, "The obvious object of these rules is that no reference to the record need be made, but that the court may rely for its information on the abstract alone." If the court, after examining the appellant's abstract, when only one is furnished and the case is submitted upon that, must still search through the *transcript* for the basis of the errors assigned, the abstract will be a burden rather than a benefit. It will increase labor rather than diminish it. Two documents must be examined instead of one. Of course where a counter abstract is presented we have to go to the record to ascertain which is correct in the particulars wherein they differ. When the case is submitted upon appellant's abstract alone, it must contain enough of the record to enable us to pass upon the alleged errors, without the necessity of going to the transcript for further information. The abstract in this case fails to disclose that error was committed, as alleged and the judgment is affirmed.

All concur, except ROBINSON, J., not sitting.