# D. C. JACO, Respondent, v. SOUTHERN MISSOURI & ARKANSAS RAILWAY CO., Appellant.

### St. Louis Court of Appeals, May 13, 1902.

1. **Jurisdiction: SUBJECT-MATTER.** Jurisdiction of the subject-matter of a cause means the authority to hear and determine cases of the class to which the action in question belongs. Where jurisdiction of the subject-matter and of the parties appears in an appellate record it devolves upon the appellant to show error therein; in default of which the judgment should be affirmed.

2. **Justices' Court: STATEMENT.** A statement of claim in an action begun before a justice of the peace is held to state facts giving the justice jurisdiction of the subject-matter of the action.

3. **Record: BILL OF EXCEPTIONS: "SHORT RECORD:" PRACTICE, APPELLATE.** It is necessary that at least some minute to show the filing of exceptions should appear in the abstract upon an appeal founded on a "short record;" otherwise an appellate court can not review the bill of exceptions as part of the record.

4. **Practice, Appellate: APPEAL IN GOOD FAITH: DAMAGES: STATUTORY CONSTRUCTION.** Where an appeal appears to have been taken in good faith, the court does not award damages as for a frivolous appeal, under section 867 (R. S. 1899).

Appeal from Wayne Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

The statement before the justice of the peace in this case is as follows (omitting caption and signature):

"Plaintiff states that defendant is a corporation, organized and doing business under and by virtue of the laws of the State

of Missouri; that on the twenty-third day of October, 1900, defendant was running and operating a railroad through Black River township, in the county of Wayne, State of Missouri; that on said day plaintiff was the owner of a certain cow, to-wit: One spotted milch cow, about five years old, and of the value of $28.30; that said cow on said day strayed in and upon said track and grounds occupied by the said railroad defendant, about one-fourth mile below, being N. E. of Moore's switch, on said defendant's railroad, at a point where said road passes through, along or adjoining certain uninclosed lands, at and in the township of Black River, in the county of Wayne, State of Missouri, and at a point where said defendant was by law required to erect and maintain good and lawful fences along the side of its said road, and not at a public crossing nor within an incorporated city, town or village.

"Plaintiff further states that the said cow strayed and went in and upon said railroad track and grounds by reason of the failure and neglect of defendant to erect and maintain good and lawful fences on and along the sides of its said road where said cow entered upon the same as aforesaid.

"Plaintiff further states that defendant, by its agents and servants, run its engines and cars upon and against said cow, at said point in Black River township, in the county of Wayne, State of Missouri, on the twenty-third day of October, 1900, thereby killing, and causing the death of said cow to plaintiff's damage in the sum of $28.30.

"Plaintiff further states that he has from time to time asked and demanded of said defendant company a settlement to the amount of his damages, but that defendant has failed and refused and still fails and refuses to pay same to plaintiff.

"Wherefore, plaintiff prays judgment in the sum of $56.60, being double the damages sustained by him as aforesaid."

All other material facts appear in the opinion of the court.

Jaco v. Southern Missouri & Ark. Ry. Co.

*Frank E. Burrough* for appellant.

I make two points in this case.    (1) There was no proof as to the *locus in quo*.    The suit was brought before a justice in Black River township.    The proof must show stock killed in that township or adjoining one.    Warden v. Railroad, 78 Mo. App. 664.    (2) There was no proof that this cow was killed by defendant company.    The nearest attempt was Jaco, who called it the "Mississippi" road.    As a matter of fact (though it does not appear in the record), three railroads run through Wayne county, to-wit:    St. Louis, Iron Mountain & Southern, Southern Missouri & Arkansas, and Williamsville, Greenville & St. Louis.    If any railroad killed the cow, which one?    Again, there is no proof that any trains were operating; and the following case is clearly in point.    Gilbert v. Railroad, 23 Mo. App. 65.

No brief for respondent.

BARCLAY, J.—This action was begun before a justice of the peace in Black River township, Wayne county, to recover damages in the sum of $56.60 for the killing of a cow charged as a result of defendant's omission to maintain lawful fences along its railroad.

The statement filed before the justice should be printed along with the official report of this opinion.    It gives a full outline of plaintiff's claim.    Plaintiff had judgment before the justice.    On appeal to the circuit court a like result ensued on a trial anew before Judge DEARING and a jury.    The verdict of the jury was for the plaintiff and his damages assessed at $28.30.    The court ordered the damages doubled (under sec. 1105, R. S. 1899) and entered judgment for plaintiff in the sum of $56.60 in August, 1901.

Defendant appealed to this court promptly.

No question of error is raised that the damages are ex-

cessive; nor as to the correctness of the court's order doubling the damages assessed by the jury.

1.   The case is here on a short record, containing a copy of the judgment, and of the proceedings down to the appeal and order extending time for bill of exceptions beyond the adjournment of the term.

The printed abstract filed in this court by appellant contains a brief account of the proceedings before the justice with a copy of the cause of action filed at the outset of the litigation.   It then contains a copy of the bill of exceptions.   But there is nothing even by way of narration to show when the bill was filed.   There is a recital in the document itself which indicates that the bill was signed after the term at which the appeal was granted.

In this condition of the abstract we can not review the matters contained in the bill of exceptions without disregarding imperative and positive rulings of the Supreme Court on the question of practice involved.

It has been held that at least some minute by the circuit clerk of the filing of the bill of exceptions must appear in the abstract to warrant an appellate court in considering the bill as part of the record for review.   State v. Rolley, 135 Mo. 677; Ricketts v. Hart, 150 Mo. 64; Clements v. Turner, 162 Mo. 466; Finlay v. Gill, 80 Mo. App. (K. C.) 458.

We are not permitted under these rulings to examine into the facts disclosed by the bill of exceptions.

2.   All that there is of the record proper to review is the statement of plaintiff's cause of action before the justice of the peace and the judgment and later orders aforesaid.   The statement shows that on its allegations the justice had jurisdiction of the subject-matter of the action, by which is meant that he had the lawful authority to hear and determine cases of the general class to which the action in question belongs. Griffin v. Van Meter, 53 Mo. 430; Hagerman v. Sutton, 91

Mo. 531; Hope v. Blair, 105 Mo. 93; Railway v. Lowder, 138 Mo. 533; Winningham v. Trueblood, 149 Mo. 580.

The charges in the plaintiff's statement before the justice presented a case of the general class committed by our laws to the judicial authority of the justice who took cognizance of this action at its inception. R. S. 1899, secs. 3835, 3839.

The justice had jurisdiction of the subject-matter of the cause, and the recitals in the last judgment indicate that defendant appeared generally to the action. So the circuit court was fully invested with power to enter the judgment pronounced.

3. There is no error in the record subject to review, and in circumstances like these it is proper to affirm the judgment. Long v. Long, 96 Mo. 180; Jayne v. Wine, 98 Mo. 404; State v. Harris, 121 Mo. 445; Snoddy v. Jasper Co., 146 Mo. 112; Bondurant v. Ins. Co., 73 Mo. App. (St. L.) 477; Nichols v. Engler, 78 Mo. App. (K. C.) 501; Upton v. Castleman, — Mo. App. (K. C.) — (67 S. W. Rep. 707).

4. As the appeal appears to have been taken in good faith, there seems to be no occasion to award any damages in favor of plaintiff on the theory that defendant's appeal was frivolous or vexatious within the meaning of section 867 (R. S. 1899) despite the narrow range of review permitted by the record which has been submitted.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.