S. F. THURMAN and F. R. LYNCH, Appellants, v. JOHN SMITH.— 39 S. W. (2d) 336.

Division One, May 21, 1931.*

*NOTE: Opinion filed at October Term, 1930. March 31. 1931; motion for rehearing overruled at April Term, May 21, 1931.

*Edgar & Banta* for appellant.

*S. A. Bowman* and *E. C. Edgar* for respondent.

STURGIS, C.—This is a suit in ejectment for eighty acres of land in Washington County, though by stipulation of the parties only thirty-one acres is in controversy. The answer sets up title to the thirty-one acres by reason of adverse possession under claim of title for more than ten years. The trial resulted in a verdict of the jury in favor of defendant. On affidavit filed by plaintiffs an appeal was allowed to this court.

At the threshhold of this case there is forced on us the question of whether this court has jurisdiction to do other than dismiss the appeal. The plaintiffs as appellants have caused to be filed in this court what purports to be a copy of the "judgment and order granting appeal" certified to by the Clerk of the Circuit Court of Cape Girardeau County. The clerk's certificate, which is in due form, says that same "is a full, true and complete copy of the judgment and order granting appeal in the case of S. F. Thurman and F. R. Lynch v. John Smith, as fully as the same appears of record in my office." What is set forth as the judgment so certified to, omitting caption, reads:

"Be it remembered, that on Wednesday, May 2, 1928, same being the 7th day of the regular April Term, 1928, of the Circuit Court of Cape Girardeau County, Missouri, the following among other proceedings were had, to-wit:

"(Title of case.) Now again on this day come the parties herein in person, by their respective attorneys, and the order heretofore made changing the venue in this cause to the Hon. Circuit Court of St. Francois County, Missouri, is at this time set aside for the reason that it is now found that this cause can be heard on this day.

"Now at this time comes the plaintiff by attorney and dismisses as to the second count of the petition. Depositions are now ordered opened and filed, and the parties announce ready, whereupon a jury is empaneled, sworn and trial had, the following jurors being selected, empaneled and sworn, to-wit: (Names of twelve men); and the trial hereof proceeds.

"And the jury having seen and heard all the evidence, instructions of the court and argument of counsel, retire to consider of their verdict, and after due consideration return into court the following

verdict, to-wit: 'We, the jury in the above entitled cause, find that John Smith, the defendant, has been in actual, open, notorious, continuous, exclusive, visible and adverse possession of the following described real estate, to-wit: (Description of land by metes and bounds) for a period of more than ten years prior to October 25, 1927, under claim of ownership thereof. W. W. WATKINS, foreman.'"

Here the matter ends. The next entry of record recites that on May 4, 1928, at the April Term, the plaintiffs file motion for new trial. The next entry of record is that on May 24, 1928, at the April Term, the motion for new trial is by the court overruled, and on the same date that the plaintiffs filed their affidavit for appeal and that the court grants the appeal prayed for to the Supreme Court of Missouri and grants ninety days in which to file bill of exceptions. This is all the matter covered by the clerk's certificate.

It is apparent that there is no judgment shown, and taking the clerk's certificate as true that the transcript is true and complete, no judgment was rendered. The petition prays judgment for possession and damages. The answer prays for affirmative relief in decreeing title in favor of defendant. The sufficiency of the verdict, being special and not general and containing no finding for either party, to warrant any judgment for defendant, is challenged, but we may grant that it is sufficient had a judgment been entered.

Plaintiffs as appellants have filed in this court their printed abstract of the record, which does not show the judgment entered, if any. The only reference to a judgment contained in the abstract is a statement in narrative form that the jury returned a verdict in favor of defendant as to part of the real estate sued for "and on said verdict judgment was duly entered of record." We are not saying, however, that it would be sufficient if the printed abstract showed the judgment entered, or that this recital would be insufficient if there had been filed here a certified copy of the judgment and order granting the appeal.

· In the present state of the record as presented here, we think it is clear that this court can do nothing except dismiss the appeal. Section 1027, Revised Statutes 1929 (Sec. 1478, R. S. 1919), makes all appeals taken more than sixty days before the next term of the Supreme Court returnable to such term, and provides that the appellant shall perfect his appeal in the manner and within the time provided by the next section (Sec. 1028, R. S. 1929). That section requires that the appellant shall cause to be filed in the appellate court within the time there specified "a perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the *record entry of the judgment,* order or decree appealed from in said cause . . . together with the

order granting the appeal, and shall thereafter, . . . file printed abstracts of the entire record," etc.

It is apparent, therefore, that in order to give this court jurisdiction to hear the case on appeal, there must be filed here either a perfect transcript of the record of the trial court, which of course would include the judgment, or, in lieu thereof, a certified copy of the record entry of the judgment and order granting appeal, to be supplemented later by printed abstracts of the record. These two methods of lodging the case here for hearing on the appeal are sometimes called the "long form" and "short form," and one or the other must be complied with. The "long form" has now become almost obsolete except in criminal cases.

We have held so often that the right of appeal is purely statutory and that appellant must conform to the statute in order to have his case heard on the appeal, that we will not stop to cite cases; and it is equally well settled that this court must examine the record as to its jurisdiction whether such question is raised by the parties or not. [See 2 Mo. Dig. 360 and 369.]

Under the repeated rulings of this court, the certified copy of the judgment and order granting an appeal, filed in lieu of a complete certified transcript of the record in the case, becomes a part of the record to be considered here. Thus in Bank v. Hutton, 224 Mo. 42, 51, in speaking of what is the record in this court and answering the objection (Point c) that the printed abstract did not show the certified copy of the judgment and order granting appeal, we said: "Point c is covered by our ruling in Coleman v. Roberts, 214 Mo. 634, and State ex rel. v. Smith, 172 Mo. l. c. 458. We there, in effect, ruled that we would read into the abstract the certified copy of the judgment and order granting an appeal originally lodged here."

This ruling is approved in Mahaffey v. Cemetery Association, 253 Mo. 135, 141. And in the Coleman case, 214 Mo. 634, 637, in speaking of the certified copy of the judgment and order granting an appeal, this court said: ". . . and this for the reason that in a short transcript such paper is the *basis of our jurisdiction* and is of easy access."

In State ex rel. v. Smith, 172 Mo. 446, 458, this court referred to "the certified copy of the record entry of the judgment filed in the beginning as the *basis for all the proceedings* in the Court of Appeals."

In Pennowfsky v. Coerver, 205 Mo. 135, 136, where this court was apparently confronted with the same situation as here, it was ruled: "At a trial to a jury, *semble*, the verdict was in favor of plaintiff, and defendant *ostensibly* appealed; but through inadvertence he has made it impossible for us to consider his appeal, and it must be dismissed for reasons. For instance: (1) Because (*im-*

*primis*) there is here no certified copy of the record entry of the judgment appealed from, 'showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal,' as required by Section 813, Revised Statutes 1899."

And in Lawson v. Mills, 150 Mo. 428, this was said: "This cause is not before the court in such shape as to entitle the appellant to have the judgment of the circuit court reviewed. There is no 'perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the record entry of the judgment, order or decree appealed from,' before the court, as is required by Section 2235, Revised Statutes 1889. A certified copy of what seems to have been a bill of exceptions filed in the trial court has been filed in this court, but it is in no sense a perfect transcript."

That the certified copy of the judgment and order granting the appeal is a part of the record of this court on the appeal independent of the printed abstract, and is to be consulted, is also held in Godfrey v. Godfrey, 228 Mo. 507, 512; State ex rel. v. Drainage Dist., 271 Mo. 429, 434; Booth v. Railroad, 217 Mo. 710, 714; Hanks v. Hanks, 218 Mo. 670, 676; and Nickey v. Leader, 235 Mo. 30, 37.

It is equally well settled that it is the duty of the party taking the appeal to see to it that this jurisdictional requirement of having on file in this court a certified copy of the judgment and order granting the appeal is complied with. He cannot shift this duty on the clerk of the trial court, and where no such certified copy of the judgment is on file when the case is submitted for hearing in this court, the appeal must be dismissed. Thus in State ex rel. v. Robertson, 264 Mo. 661, 671, this court, speaking of whose duty it is to file the transcript of the record of a judgment of the circuit court in the appellate court when an appeal is taken, said: "This court has repeatedly held that that duty rests upon the appellant and that he cannot shift it upon the clerk. [Caldwell v. Hawkins, 46 Mo. 263; State v. Dempsey, 168 Mo. App. l. c. 300; Secs. 2047, 2048 and 2049, R. S. 1909; Rule 28 of Supreme Court, adopted October, 1909; Crawford v. Railroad, 171 Mo. 68, 77; State ex rel. v. Gibson, 187 Mo. 536, 558.] That being true, and the record showing that he did not perform that duty within the time prescribed by the statutes and rules of this court, we are of the opinion that the Springfield Court of Appeals properly dismissed the appeal." Other cases to like effect might be cited.

The situation, therefore, is that if the Circuit Court of Cape Girardeau County did not enter a judgment on the verdict of the jury, then there is no final judgment in the case and the

attempted appeal is a nullity. Appeals do not lie except from final judgments. If, on the other hand, a final judgment was in fact entered of record on the verdict, the appellant has failed to file a certified copy of same in this court. In either event the appeal should be dismissed. It is so ordered. *Seddon* and *Ferguson, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.

*NOTE: Opinion filed at October Term, 1930, March 31, 1931; motion for rehearing overruled at April Term, May 21, 1931.