STATE BANK OF SENECA, A CORPORATION, RESPONDENT, v. CHARLES SAFT, APPELLANT.—75 S. W. (2d) 420.

Springfield Court of Appeals,  October 3, 1934

Rehearing denied, November 9, 1934.

*Charles E. Prettyman, Jr.,* and *Neale, Newman & Turner* for appellant.

*Ray Bond* and *Leo H. Johnson* for respondent.

SMITH, J.—This case is before us on an appeal from a judgment of the circuit court wherein the plaintiff obtained judgment against

the defendant for $2097.92, principal and interest on a note, and for $209.79 attorney's fee.

After the case was argued before us the defendant filed an application to dismiss the appeal, with the expressed purpose of bringing the case to this court again upon a writ of error. The plaintiff filed suggestions in opposition to dismissing the appeal, insisting that the case is now properly before this court on appeal and that we should consider the case now on the record as made and presented to us, and not permit the defendant to dismiss his appeal.

The history of this case, as shown by the record, is as follows: The cause originated in the Circuit Court of Newton County, being a suit on a promissory note, and was filed on September 30, 1931. On change of venue by defendant it reached the Circuit Court of Jasper County August 19, 1932. An answer had been filed prior to the change of venue and issues joined on February 1, 1932. The record before us does not set out the petition nor does it show the original answer. The record asserts that a reply was filed, but the reply is not shown in the record.

There were several continuances had in the case, some of which were at the request of the defendant, and some by agreement, until November 16, 1933, the case was before the court, without a jury, with the result as above stated. Motion for new trial was filed and overruled on November 16, 1933, and the affidavit for an appeal was filed on that date, and the appeal granted, which made the case returnable to our March Term, 1934.

On February 6, 1934, the defendant filed his abstract and brief with the clerk of this court. On February 15, 1934, respondent filed its motion to affirm the judgment, and for its grounds for affirmance alleged:

"1. Because appellant did not, as required by Rule 12 of this court, serve upon the respondent a complete and proper abstract of the record thirty days before this cause is set for hearing in this court.

"2. Because the purported abstract of the record served upon respondent's counsel in this case and filed by appellant in this cause is not a printed abstract of the entire record in this cause, as required by Section 1028, Revised Statutes of Missouri, 1929, for the following reasons:

"Said purported abstract of the record does not contain any abstract or purported abstract of the record proper in this cause; said purported abstract of the record fails to set forth the pleadings, that is to say, the petition of plaintiff, answer of defendant, and reply of plaintiff, upon which said cause was presented to the trial court under the motion for judgment on the pleadings; that said purported abstract of the record does not show the filing of plaintiff's motion for

judgment on the pleadings, and does not set forth said motion; that said purported abstract of the record does not show or affirmatively disclose that any bill of exceptions was ever presented to, approved by, or filed with the trial court, or that any of the matters of exception recited and set forth in said purported abstract of the record were ever preserved or made a part of the record in said cause by means of a bill of exceptions being prepared, presented to, approved by and filed with the trial court; that under said purported abstract of the record there is no question presented for decision to and by this court.''

On March 1, 1934, plaintiff filed its motion to dismiss the appeal, alleging the same grounds as quoted above from the motion to affirm. Before either of these motions was passed on by us, on March 3, 1934, respondent filed its additional abstract of the record and its brief, and on March 7, 1934, the case was argued before us, and this court gave to the appellant twenty days from that date to file an additional brief, and gave ten days thereafter to the respondent to file a reply brief. The appellant's additional brief was filed with the clerk of this court on March 27, 1934, and on April 3, respondent's reply brief was filed.

On April 23, the appellant filed his motion asking leave to dismiss his appeal. On May 3, the respondent filed suggestions in opposition to appellant's motion to dismiss his appeal, and insists that this court should now determine this case on its merits. It is therefore, our first duty to determine if the appellant has a right to dismiss his appeal, after the respondent has filed its additional abstract and brief, and after the case has been argued. If we hold that the appellant does have a right to dismiss the appeal at this stage, then that will end the matter so far as the case is concerned at this time. On the other hand if we hold against the dismissal of the appeal then the case is before us on the record as presented by the abstract of the record and the additional abstract, with the briefs on each side.

The respondent, as shown above, filed a motion to affirm the judgment and within a few days thereafter filed its motion to dismiss the appeal for failure to comply with the rules of this court and the statutes in preparing and presenting the appeal. Before those motions were passed upon, the respondent filed its additional abstract of the record. Thereafter the respondent in its brief conceded that its motions to affirm the judgment and to dismiss the appeal should be overruled, and now insists that the case is properly before us on the questions presented to the court by the appellant's abstract and the respondent's additional abstract. We think it is generally held that where the respondent files an additional abstract and thereby presents the record the case is before the court for consideration. [Story v. Peoples Motorbus Co. (Mo. Sup.), 37 S. W. (2d) l. c. 900;

Berry v. Railroad (Mo. Sup.), 26 S. W. (2d) 988; Seested v. Applegate (Mo. App.), 26 S. W. (2d) 796; Kirkpatrick v. American Creosoting Co., 37 S. W. (2d) 996.]

So far as this point is concerned the respondent by filing its additional abstract of the record, under the cases above cited, has waived any rights it had under its motion to affirm and under its motion to dismiss the appeal for failure to abstract properly the case.

Can the appellant dismiss his appeal after the additional abstract and brief have been filed? Some courts in other jurisdictions specifically hold that he cannot. In some jurisdictions it has been held that the appeal may be dismissed by appellant notwithstanding the opposition of the appellee. [4 C. J., page 563, section 2376.]

We have been cited no case just in point in Missouri, nor have we found any. But it is a general holding of the courts in this State that the right of appeal is purely statutory, and that the parties must conform to the statute in order to have the case heard on appeal. [Thurman v. Smith (Mo. Sup.), 39 S. W. (2d) 336.]

Sections 1027 and 1028, Revised Statutes of Missouri, 1929, provide for appeals with the duty upon appellant to properly present the case to the court. He shall in the time prescribed file printed abstracts of the entire record with the clerk of the appellate court. Upon failure to do this the respondent, if dissatisfied with such abstracts of the appellant, may file such abstracts on his part, or any additional abstracts.

The rules of this court also make provisions for filing abstracts and additional abstracts.

Following the provisions of sections 1027 and 1028 of our statutes, as well as the rules of this court, the respondent has supplemented the appellant's abstract by filing its additional abstract.

The appellant in his brief contends that since the respondent has supplemented appellant's abstract, the appeal can neither be dismissed nor the judgment be affirmed under the respondent's motions therefor. Yet the appellant contends that he has a right to dismiss the appeal of his own choice. This case presents a rather interesting change of positions by both parties. Narrowed down to the final point the question is whether or not the respondent by going to the labor and expense of preparing the additional abstract, occasioned by the fault and neglect of the appellant, and by briefing his case and by appearing before this court and arguing the case, has acquired such substantial rights in the case as to prevent the appellant's dismissing the case without the respondent's consent.

In view of a very recent opinion of our Supreme Court, Pine v. Rybolt, 63 S. W. (2d) 28, wherein that court was passing on the rules of this court, we are forced to the conclusion that the respondent did acquire some substantial rights in this case that it cannot

be deprived of by the appellant's dismissing the appeal. In that case the Supreme Court in passing on the respondent's rights on appeal disagreed with a former holding of this court in the case of Broyles v. Highway Commission, 8 S. W. (2d) 1021. In the Broyles case this court had held that after a respondent had given the five days' notice of intention to move to affirm that five days' time was given to the appellant to dismiss his appeal and come up by writ of error, if he so desired. The Pine v. Rybolt case holds ''That sections 1027 and 1028, supra, give to the respondent substantial rights that he is entitled to enforce when the appellant fails to effect an appeal within the time allowed by these sections.''

We can think of no reason whereby the respondent could acquire more substantial rights by filing a motion to affirm than by filing an additional abstract of the record and a brief. The facts are that it requires more effort and more expense to pursue the latter course. Therefore, in keeping with the ruling of the Supreme Court, we hold that through neglect of duty in not properly abstracting the case, and thus placing upon the respondent the necessity of abstracting the same, which the respondent did in this case, the appellant has permitted the respondent to acquire substantial rights that appellant cannot take away, by voluntarily dismissing the appeal.

Holding against dismissing the appeal by the appellant, it now becomes our duty to consider the case on its merits.

As heretofore stated this is a suit on a promissory note. The appellant has not set out in his abstract of the record the pleadings. We are not furnished with a copy of the petition, nor with a copy of the original answer filed. The record shows that on the day this case was set for trial, to-wit: November 16, 1933, more than two years after the case was filed, and a year and nine months after issues were joined, the trial court was considering a motion of the plaintiff for judgment on the pleadings, and had indicated that the motion would be sustained whereupon the defendant again asked for a continuance and being denied that offered to file an amended answer. The trial court denied the right to the defendant to file the amended answer, and sustained the motion for judgment on the pleadings.

The contention before us is that the trial court erred in refusing the defendant the right to amend his answer on the date of trial. It will be remembered that this request to amend the answer came after more than twenty-one months after issues had been joined, and just after the defendant had been denied a request for a continuance of the case.

The appellant sets out in the abstract a copy of his requested, but refused, amended answer. This amended answer after admitting signing the note sued upon, sets up several purported defenses. We deem it unnecessary to set out the amended answer in full. We are not furnished a copy of the original answer, nor are we furnished

the substance of it. It would be impossible for this court, or any other person, to tell from the record what the grounds were upon which the trial court acted in denying the right to file the amended answer.

There is no question but that the trial court had jurisdiction of the subject-matter and the parties in this case. The Court of Appeals will indulge the presumption of regularity of the proceedings of the trial court, and it devolves upon the appellant to show error therein, and in default of which the judgment should be affirmed. [Jaco v. Southern Mo. & Ark. Ry. Co., 94 Mo. App. 567, 68 S. W. 379; Merritt v. Kansas City (Mo. App.), 46 S. W. (2d) 275.]

We realize that the appellate court has the right to pass on the acts of the trial court, and to approve or reject the rulings of the trial court, though the trial court acted in the exercise of judicial discretion. [State ex rel. Highway Commission v. Camren, 41 S. W. (2d) 902.] While we have the right to pass on the discretionary acts of the trial court, we are forced to the record presented to determine whether the trial court abused its discretion. Was the amendment offered in time, or was it a dilatory proceeding? The trial court should have a better idea of that than can this court. We are faced with a record here which gives us no light whatever as to whether this proposed amended answer is a departure from the original answer, or whether it contains defenses inconsistent with the original defenses, or whether it is a purely dilatory matter. We cannot convict the trial court of error unless we have the record before us to determine if error has been committed. The trial court's action must be determined on appeal by the record before the appellate court. [State ex rel. v. Camren, supra, l. c. 904.]

In view of what we have heretofore said and in the face of this record we are not in position to say that the trial court violated its judicial discretion in refusing to permit the filing of the amended answer. [Berlau v. Met. Life Ins. Co. (Mo. App.), 24 S. W. (2d) 686; Scheerer v. Waltner (Mo. Sup.), 29 S. W. (2d) 193.]

The defendant insists that the most this court could do would be to dismiss the appeal, and relies on an opinion of this court, viz. Sechrist et al. v. Hufty Rock Asphalt Co., 59 S. W. (2d) 767. That case was before us on a motion to affirm because of failure to comply with the rules of this court. This case is before us now on the abstract of the record and the additional abstract. The only question before us is as to the trial court's discretion in refusing to permit an amendment to the answer, and the refusal of the offering of proof under the proposed amended answer.

It is our conclusion that the judgment should be affirmed. It is so ordered. *Allen, P. J.,* and *Bailey, J.,* concur.