ANNE M. EVANS, Appellant, v. THE CITY OF ST. LOUIS, a Municipal Corporation.—No. 39785.—198 S. W. (2d) 9.

Division Two, October 14, 1946.

Opinion Modified, November 11, 1946.

Appellant's Motion to Modify Opinion Overruled, December 9, 1946.

*Anne M. Evans* for appellant.

*George L. Stemmler,* City Counselor, and *S. R. Redmond,* Associate City Counselor, for respondent.

BOHLING, C.—This is an action under our statute to determine title to real property (Sec. 1684, R. S. 1939) instituted by Anne M. Evans against the City of St. Louis. The amended petition, upon which the cause proceeded, is in fourteen counts. The parties stip-

ulated that counts 1, 2, 3, 5, 6, 7, 11, 13, and 14 (relating to the issue of title) be taken up and counts 4, 8, 9, 10, and 12 (relating to damages) be heard at a subsequent date. The trial resulted in findings of fact by the court on November 5, 1945 (modified on·December 3, 1945), to the effect that plaintiff acquired whatever title she had to the several tracts described in·counts 1, 2, 5, 6, 7, 11, 13, and 14 under judgments rendered for special benefits in condemnation suits and in count 3 at a sale for general taxes; that in 1937 and 1938 defendant City purchased the real estate described in counts 1, 2, 6, 7, 11, 13, and 14 at sales for general taxes to protect the taxes due it; that plaintiff failed to make the allegations required by Sec. 11179, R. S. 1939, in suits of this nature; and concluded on the law, among other things, that plaintiff's failure to include the allegations required by Sec. 11179, R. S. 1939, necessitated the dismissal of counts 1, 2, 3, 5, 6, 7, 11, 13, and 14, without prejudice; and that counts 3 and 5 should be dismissed also because necessary parties defendant were not joined, the City of St. Louis disclaiming any interest therein. Counts 4, 8, 9, 10, and 12 were undisposed of and were transferred to Division No. I of the court. Plaintiff prosecutes this appeal from the "judgment of November 5, 1945, and order overruling motion for a new trial entered in this action on the 3rd day of December, 1945."

The City of St. Louis has filed a motion to dismiss on the ground the appeal is premature, there being no "final judgment." But, before we reach that point, an examination of the record presented for review discloses that there is no copy of any judgment therein. The transcript on appeal should include a copy of the judgment appealed from. A "full transcript of the record in the cause" clearly includes it. See Sec. 135, p. 393, Laws 1943. It is also required when the parties agree to a statement of the case under Sec. 136, Id., said section providing in part: ". . . The statement shall include a copy of the judgment or order appealed from . . ." Supreme Court Rule 1.04 is to like effect. A dismissal of the appeal under Supreme Court Rule 1.15 is directed in the circumstances of the ▮ instant case for failure to comply with Rule 1.04. Consult Thurman v. Smith, 327 Mo. 894, 898, 39 S. W. 2d 336, 338[4, 5]; Harrison v. Missouri-Kan.-Tex. Rd. Co. (Mo.), 87 S. W. 2d 169, 170[4].

The appeal should be and is dismissed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.