**Anne M. EVANS, Appellant,**

v.

Joseph BRUSSEL and Kreszentia Brussel, his wife, The Rengel-Weber Realty Co., H. P. Hahn and Bertha Greber, Clara W. Hahn, Last Board of Directors of the Greater St. Louis Corporation, a Corporation, and all the unknown heirs, grantees or successors in title, and the City of St. Louis, a Corporation, Respondents.

No. 47456.

Supreme Court of Missouri,

Division No. 2.

Dec. 14, 1959.

Motion for Rehearing or to Transfer to Court en banc Denied Jan. 11, 1960.

Anne M. Evans, St. Louis, pro se.

Thomas J. Neenan, City Counselor, Freeman L. Martin, Asst. City Counselor, St. Louis, for respondent.

STOCKARD, Commissioner.

In this suit to determine title to real estate located in the City of St. Louis the plaintiff has appealed from a judgment that she has no title or interest in the property. This is the second appeal in this proceeding. See Evans v. Brussel, Mo.Sup., 300 S.W.2d 442.

Plaintiff purchased the property herein involved on December 24, 1936, at a sheriff's sale held pursuant to a special execution issued upon a benefit judgment previously entered in a condemnation suit to establish, open and widen a public highway. At that time general taxes assessed against the property for all years back to and including 1930 were delinquent and unpaid. The Jones-Munger Act, Laws of Missouri, 1933, pp. 425–449 (see now chapter 140, Title 10, RSMo 1949, V.A.M.S.) was then applicable to the City of St. Louis. The property was advertised and offered for sale for delinquent taxes for the third time on November 1, 1937. It was purchased by the City of St. Louis and the collector issued certificate of purchase number 1482. Plaintiff does not challenge the validity of that sale because of alleged insufficiency of the purchase price. The plaintiff, nor anyone else, redeemed the property within the statutory period for redemption, and on September 1, 1941, the collector executed and delivered his deed to the City of St. Louis.

In her petition, which was not amended subsequent to the previous appeal, plaintiff alleged that she is the owner of the property in fee by virtue of the above referred to sheriff's deed, but that the defendants, other than the City of St. Louis,

claim some interest therein, and the City of St. Louis "may claim" that some title still remains in it by virtue of the above mentioned collector's deed based on certificate of purchase number 1482 which "the Circuit Court of the City of St. Louis had already declared to be null and void because of the improper description of the property in the advertisement." Plaintiff also alleged that the taxes for which the property was sold were returned delinquent in the names of Alfred and Kreszentia Brussel, but that at the time of the tax sale the sheriff's deed to her was of record and therefore the collector's deed shows that "there was no duly made assessment, nor due notice of publication, nor notice that her property was about to be taken." Plaintiff prayed that the court try, ascertain and determine the estates, title and interest of all the parties. The City of St. Louis filed an answer and also what it termed a cross-bill in which it alleged it was owner of the property by virtue of the collector's deed and that plaintiff and the other defendants had no interest therein. The City then prayed that the court try and determine the estates, title and interest of the parties and adjudge it to be the sole owner of the property. All other defendants defaulted.

The only evidence introduced by plaintiff at the trial consisted of a photograph of the property, a copy of the special execution issued on the benefit judgment upon which the sheriff's sale was based, a copy of the sheriff's deed to her, and pages 17, 18, 19 and part of page 45 of the transcript filed in this court in Evans v. City of St. Louis, 355 Mo. 790, 198 S.W.2d 9. The City of St. Louis introduced the collector's deed issued to it and some oral testimony from an employee of the collector's office to show that the general taxes from 1930 to the time of the sale were delinquent and unpaid. Plaintiff admitted that she paid no taxes on the property at any time.

In Evans v. City of St. Louis, supra, plaintiff filed a suit in which count 13 of the petition pertained to the property in ques-

tion, and pages 17, 18 and 19 of the transcript contain the allegations of count 13. In that suit plaintiff did not challenge the validity of the collector's deed to the City of St. Louis except on the basis that at the time of the tax sale she personally did not owe any taxes on the property and no valid assessment of taxes had been made because the property was not assessed in her name. The trial court dismissed count 13, and eight other counts, because plaintiff refused to amend her petition to comply with what is now Section 140.600 (all subsequent statutory references are to RSMo 1949, V.A.M.S.). Plaintiff appealed, but the appeal was dismissed by this court. In that case, although admitting there was no occasion to do so, the trial court made certain "findings of law or fact," one of which was that "The sale of property in count * * * 13 is invalid as to the City of St. Louis, and certificate of title [purchase?] * * * 1482 [is] void—for bad description in advertisement in Daily Record." This is the item on page 45 of the transcript in that case which plaintiff introduced in evidence in this case. However, neither the collector's publication of notice of sale for delinquent taxes upon which the sale of November 1, 1937, was based nor certificate of purchase 1482 was offered in evidence in this case.

The trial court entered judgment that the City of St. Louis is vested with fee simple title to the property, and that plaintiff failed to establish any estate, title or interest in the property.

Plaintiff's points relied on in her brief are lengthy, rambling and difficult to understand, but a careful study of them indicates that she makes the following contentions.

■ Plaintiff first contends that she was entitled to a decree vesting title in her by reason of the opinion of this court in the previous appeal in this case [300 S.W.2d 442]. That contention is without merit. In the previous appeal this court held no more than that her petition should not have been dismissed, but that after she had alleged that she had title to the property she was entitled to an adjudication of her existing title, and that if she had no title the trial court should so adjudge and decree. This the trial court did.

Plaintiff next asserts that the trial court erred in not finding that the special execution upon which the sheriff's sale to her was made was issued at the request of the City of St. Louis. Plaintiff states that "This shows that the City Attorney knew the source of appellant's title when he filed the affidavits [that] he did not." We fail to see how the failure to make this finding, assuming it was correct, could possibly have any bearing on the merits of this appeal.

The third point first deals with damages suffered by plaintiff, and in view of the judgment entered, damages to plaintiff cannot be an issue on this appeal. Plaintiff then asserts that the trial court erred in finding that she failed to establish any estate, title or interest in the property, but she assigns no reason for this contention except to say that the mandate in the previous appeal provided that the judgment dismissing her petition "was reversed and the cause remanded with the direction that Sec. 527.150 applies to those actions to quiet title, * * *." The trial court complied with the mandate and decided the case on its merits. There is nothing presented for decision by this point.

■ In what plaintiff has designated as her fourth point she first recites a part of her pleadings, and then asserts that the trial court erred "in permitting defendant City to file a collector's deed, from Joseph and Kreszentia Brussel to the City of St. Louis, which showed on its face that it was based on Certificate of Purchase No. 1482, which had already been declared null and void * * * and which was not signed by the County Clerk as required by statute." The collector's deed was not from the persons named but was from the collector of the City of St. Louis. The certificate of purchase is not in evidence, and in Evans. v. City of St. Louis, supra, the judgment.

was that count 13 of plaintiff's petition be dismissed without prejudice, and such judgment was not res judicata of any issue, pertaining to the validity of the certificate of purchase, or of any voluntary statement made by the trial court concerning an issue not adjudicated. 50 C.J.S. Judgments § 707; Couch v. Harp, 201 Mo. 457, 100 S.W. 9. The collector's deed was executed by the collector, witnessed by the comptroller and properly acknowledged. There was then, and is now, no county clerk in the City of St. Louis. As to the duties of the comptroller of said city in connection with "the sale of land for taxes" see Section 137.525. In addition as to this point plaintiff makes no assignment in her motion for new trial that the collector's deed was void because it was improperly or insufficiently executed.

■ Plaintiff's fifth point is lengthy, but the substance of it is that the sale for taxes to the City of St. Louis was improper because the taxes against the property for which the property was sold was assessed against Joseph and Kreszentia Brussel, and therefore she did not owe any taxes on the property. This contention is so obviously without merit that it justifies no extended discussion. See Section 137.170; State ex rel. McKee v. Clements, 281 Mo. 195, 219 S.W. 900; State v. Gomer, 340 Mo. 107, 101 S.W.2d 57; and the comment in Evans v. Buente, Mo.Sup., 284 S.W.2d 543.

■ The sixth point is that the trial court erred in finding that plaintiff's suit was barred by the three-year statute of limitations, Section 516.130 RSMo 1949, V.A.M.S., when the deed was invalid on its face because (1) it was not signed by the county clerk; (2) the certificate of purchase had been adjudged to be void; (3) the collector's deed "does not even contain appellant's name, but the name of 'Brussel,' the former owner;" and (4) plaintiff owed no taxes to the City of St. Louis on November 7, 1937, the date of the sale by the collector. Section 140.460 provides that the collector's deed shall contain a provision that the land was sold at public auction to the named purchaser "for the sum of —— dollars and —— cents, being the amount due on the following [described] tracts or lots of land, returned delinquent in the name of G. H., for nonpayment of taxes, * * *." Section 140.500 provides that the sale of lands for taxes "shall not be invalid on account of such lands having been listed or charged on the tax book in any other name than that of the rightful owner." Therefore, the use of the name "Brussel" in the collector's deed, which was the name in which the taxes for which the land was sold was returned delinquent, could not result in the collector's deed being void. Each of the other contentions above enumerated have previously been answered.

■ Plaintiff's seventh point is that the trial court erred in overruling her objection that "any questions going into the tax bills are immaterial, unless it relates to the plaintiff in this case." This is obviously without merit. "Each tract of land or lot shall be chargeable with its own taxes, no matter who is the owner, nor in whose name it is or was assessed. * * * [N]o error or omission in regard to the name of any person, with reference to any tract of land or lot, shall in anywise impair the validity of the assessment thereof for taxes." Section 137.170. See also Section 140.500 and Adams v. Smith, 360 Mo. 1082, 232 S.W.2d 482. It was proper for the City of St. Louis to show the amount of taxes delinquent, and for what years, and for what delinquent taxes the land was sold.

■ The two remaining points are quite lengthy and contain several contentions previously ruled on. The only contention we can glean therefrom not previously ruled is to the effect that the sheriff's deed to plaintiff wiped out all the then existing general taxes, and therefore, no taxes were due when the collector sold the property for taxes on November 1, 1937 to the City of St. Louis. Plaintiff cites State ex rel. City of St. Louis v. Baumann, 348 Mo. 164, 153 S.W.2d 31, but that case does not sup-

port her contention. In State ex rel. Buder v. Hughes, 350 Mo. 547, 166 S.W.2d 516, a judgment for benefit special taxes was obtained but no execution was issued thereon. Later the land was sold under the Jones-Munger law for general taxes. Before a collector's deed was issued to the purchaser at the tax sale, the holder of the benefit judgment sought to revive it by scire facias. This court held that the purchaser at a sale foreclosing the State's superior lien for taxes acquires an interest superior to those holding inferior liens, and that while the execution sale based on the benefit judgment would wipe out any liens junior to the judgment lien, the purchaser at the execution sale would necessarily take subject to the superior rights of the certificate holder. In Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S.W. 1142, 40 L.R.A.,N.S., 119, Ann.Cas.1913C, 1200, it was held that real estate tax liens are superior and prior to all other liens, including the lien of special taxes for improvements. There can be no question but that when plaintiff purchased the property on December 24, 1936, and received the sheriff's deed what title she acquired was subject to the lien for general taxes.

The City of St. Louis filed a motion to dismiss the appeal for failure on the part of the plaintiff to comply with Supreme Court Rule 1.08, 42 V.A.M.S., and we would be entirely justified in taking the requested action. However, in a lenient exercise of discretion we have disposed of the appeal by ruling on the merits of the contentions of plaintiff insofar as we have been able to determine those contentions.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.