VINCENT REALTY COMPANY, a Corporation; MELENE REALTY COMPANY, a Corporation, and MELCHER-SCHENE HARDWARE & LUMBER COMPANY, a Corporation, v. DWIGHT H. BROWN, Secretary of State; FORREST SMITH, State auditor, WILLIAM F. BAUMANN, Collector of the City of St. Louis; FRED A. RENICK, License Collector of the City of St. Louis, and ROY McKITTRICK, Attorney General, Appellants.—126 S. W. (2d) 1162.

Court en Banc, April 4, 1939.

*James A. Waechter* and *Donald Gunn* for William F. Baumann; *Edgar H. Wayman* and *Andrew J. Reis* for Fred A. Renick.

*Roy McKittrick,* Attorney General, *Franklin. E. Reagan* and *Edward H. Miller,* Assistant Attorneys General, for Dwight H. Brown, Forrest Smith and Roy McKittrick.

*Jones, Hocker, Gladney & Grand, Joseph H. Grand* and *Lon Hocker, Jr.,* for respondents.

*John C. Meredith, amicus curiae,* for Real Estate Board of Kansas City and Kansas City League of Building & Loan Associations.

GANTT, J.—Action under the Declaratory Judgment Act (Laws, 1935, pp. 218, 220; Mo. Stat. Ann., sec. 1097a et seq., p. 1388). The petition alleged that plaintiffs are business corporations duly organized by law and liable for the payment of taxes and fees to the officers of the City of St. Louis and State of Missouri; that Section 4598a, Laws óf Mo. 1937, pages 208 and 209, estáblishes a lieñ for the payment of taxes and fees due the State or its political subdivisions, and avoids the sale of property exceeding fifty per cent of the taxpayers' assets when said taxes and fees have not been paid, but limits the operation of said section to corporations; that the section casts a cloud on the title to plaintiffs' property, in this, that plaintiffs are unable to transfer their property except subject to the lien aforesaid, and are unable to transfer more than half of their assets with assurance to the purchaser that the title he takes is valid; that persons and companies engaged in the business of insuring the title to property have, because of the cloud cast by the law aforesaid, refused to insure the title to property transferred by a corporation since the effective date of the law; that said section violates certain provisions of the State and Federal Constitutions, and that plaintiffs are entitled to have the question of the validity of said section determined under the Declaratory Judgment Act.

Defendants demurred to the petition on the ground that it did not state a cause of action under said act. The demurrers were overruled and defendants answered by general denial. Thereupon plaintiffs filed a motion for judgment on the pleadings, which was sustained. The court ruled that the section violated said provisions of the Constitutions and was invalid. Judgment accordingly and defendants appealed. The section under consideration follows:

"All taxes, or fees, . . . due . . . the State . . ., or any political subdivision thereof, by any . . . corporation, . . . are hereby declared to constitute a . . . lien . . . against the assets of such corporation, . . . and said lien shall not be lost on said assets by any transfer thereof. The payment of all taxes which are due . . . by any corporation, . . . is hereby declared to be a condition precedent to the right of said corporation, . . . to sell, give away, assign or transfer the whole or the major portion of its assets . . ., and any such sale, gift, assignment or transfer . . . without all taxes . . . having been paid . . . prior to the sale, gift, assignment or transfer of such assets, is hereby declared to be null and void."

Plaintiffs contend that the section casts a cloud on the title to their property.

We do not think so. The intention of the Legislature must be determined from a consideration of the whole section. It consists of two sentences. The first sentence establishes a lien. The time at which the lien attaches is fixed by the second sentence. In other

words, the lien declared in the first sentence does not attach until the corporation makes a sale or gift of the whole or major part of its assets, at which time the lien must be discharged before a valid transfer can be effected under said section. The section is penal and similar to Section 7774c, Revised Statutes 1929, relating to the sale of motor vehicles. It follows that, absent such a sale or gift, there is no lien on the plaintiffs' assets.

In this situation we do not think the petition states a cause of action under the Declaratory Judgment Act. There is no allegation therein from which it may be inferred that there is even a remote possibility of plaintiffs selling or giving away the whole or major part of their assets. They have no "present interest" in the determination of the question of the validity of the section. Furthermore, the existence of the "ripening seeds of a controversy" cannot be inferred from any allegation in the petition. Furthermore, we cannot assume that plaintiffs will not pay the taxes and fees assessed against them. We think that the trial court was without jurisdiction to rule the question of the validity of the section under the Declaratory Judgment Act. [Hellér et al. v. Shapiro, 87 A. L. R. 1201, l. c. 1215, 1216; Washington-Detroit Theatre Co. v. Moore, 68 A. L. R. 105, 118; DeCharett II, by Gdn. *ad litem*, et al. v. St. Matthews Bank & Trust Co. et al., 50 A. L. R. 34, l. c. 47; Anway v. Ry. Co., 12 A. L. R. 26, l. c. 71.]

The judgment should be reversed and the cause remanded with directions to dismiss the plaintiffs' petition. It is so ordered. All concur.