**DILLARD v. DILLARD.**

No. 43664.

Supreme Court of Missouri.

Division No. 1.

April 12, 1954.

Sharon J. Pate, Caruthersville, for appellant.

Ward & Reeves, Caruthersville, for respondent.

DALTON, Judge.

This is an action for a declaratory judgment as to the legal effect of a certain written document alleged to have been found among the papers of F. M. Dillard, deceased, and to determine title to certain property in Pemiscot County.

Plaintiff alleged that the instrument had been filed for record; that the defendant was "in full possession of said premises and is exercising all of the rights incident to ownership"; that the said "written instrument represents the only claim of ownership * * * that defendant herein has" to the "Dillard Theatre in Wardell, Missouri"; and that the widow and two children of F. M. Dillard, deceased, as therein mentioned, were named in his will and were "entitled to inherit the real estate involved herein contingent upon the title

of Roy Dillard." Plaintiff prayed "for a declaratory judgment decreeing the real estate herein involved to be the property of the estate of F. M. Dillard, deceased, and for any further orders which to the court may seem just and equitable in the premises." As stated, the property in controversy is described as the "Dillard Theatre in Wardell, Missouri." The trial court found the issues for defendant and entered a judgment. Plaintiff has appealed.

The pleadings admit that F. M. Dillard died testate May 27, 1951, a resident of Wardell, Pemiscot County, leaving as his heirs his widow, Lela Dillard, a son, Roy Dillard and a daughter, Cora D. Thomas. Plaintiff is the duly appointed, qualified and acting executrix of his estate having been appointed by order of the Probate Court of Pemiscot County on June 1, 1951.

The written instrument in question is as follows:

"Nov. 20th, 1946    Wardell, Missouri,

"This day I sell to Roy Dillard my Son all my Intrust (sic) in the Dillard Theatre, on the following conditions and Terms ———— Whict The Theatre is located at Wardell Mo. He Roy Dillard promises to pay me F. M. Dillard for the balance of my natural life time the sum of (125.00) One Hundred Twenty Five & No/00 ..... Dollars Per month Which contract shall be binding on on His Estate in case of his death before my own, Which payment shall be made on the first day of each month beginning December the First 1946 and on the first day of each month thereafter so long as I live,
Signed (F. M. Dillard.
(Roy Dillard."

On the reverse side of the instrument these words have been written with a pen: "Roy Dillard Theatre Note Due me F. M. Dillard which I value at $5,000.00 cash." The instrument bears a stamp and notation: "Filed For Record Dec. 2, 1949 2 o'clock 6 Min J. T. Ahern, Recorder Pemiscot Co. Mo." Under the heading "Theatre Contract" there are a series of regular $125 monthly credits extending from December 5, 1946 to and including May 1, 1951.

Plaintiff offered the written instrument in evidence, together with the record of it in the deed records of Pemiscot County, and also the Last Will and Testament of F. M. Dillard, deceased, but no other evidence. The will gave certain specific personal property to the widow Lela Dillard, and then devised and bequeathed all of the rest and remainder of the estate to Lela Dillard, Roy Dillard and Cora Thomas, "share and share alike."

Defendant's evidence tended to show that Roy Dillard owned the "Dillard Theatre at Wardell"; that he had owned the Theatre since 1940; and that he had owned and had had possession of the real estate upon which it was located for more than 20 years. He obtained title to the real estate through a tax sale "from the sheriff" and had been paying the taxes on the property for 21 or 22 years. He testified that the records in the clerk's office showed the issuance of the execution in the tax proceeding, but that "the sheriff's office shows nothing at all." He said that the instrument in question was not the only record he had of his ownership of the Dillard Theatre, as he could prove ownership in many other ways.

Defendant further testified that when he built the theatre building in 1940, F. M. Dillard "put twelve hundred dollars in it and all in cash," while he (defendant) put in close to twenty thousand dollars; that his mother "wanted something to do there and I said 'take the front end concession,'" that is, "Pop corn, candy, and cold drinks and she had possession of that until she died * * * after she died he (F. M. Dillard) would hire the girls that worked back there and they were working for him and not for me, and I was * * * trying to buy it, but thought he asked too much money * * * for his interest in the concession stand and I said 'I will tell you what I will do, I will rent it from you,' and arrived at one hundred and twenty five dollars a month as long as he lived. *. * * every month I would pay him the payments .* * * I paid him between four and five thousand dollars from 1946 up until the time he died and that is the reason for the instrument."

Defendant identified his own and his father's signatures on the instrument and said that F. M. Dillard didn't own the Dillard Theatre and he (defendant) was not attempting to buy it from him when the instrument in question was executed; and that F. M. Dillard never claimed to own the lot before the building was put on it, but there was an agreement for F. M. Dillard to take over "the concession stand" after he had put $1200 into the building.

The court found "that the paper writing sued upon constitutes a valid and binding contract, and is plain and unambiguous on its face, and by its plain terms the sum of $125.00 per month was to be paid by the defendant herein to F. M. Dillard for and during the natural life of the said F. M. Dillard, and the court finds that all sums due on said contract had been paid at the time of the death of the said F. M. Dillard, and the court further finds that no sums could or did become due on said contract after the death of said F. M. Dillard, and consequently the defendant is not indebted to the plaintiff herein in any sum whatever on account of the paper writing described in the plaintiff's petition." The court further "finds that by said written instrument the defendant is now and has been since the execution of said instrument the owner of the property described in said written instrument. It is therefore considered, ordered and adjudged by the court that the plaintiff take nothing by her suit herein, and that her petition be and the same is hereby dismissed." All costs were taxed against plaintiff.

■ Appellant contends that we have jurisdiction of this appeal because title to real estate is directly involved and because plaintiff asked the court to determine the ownership thereof. Neither plaintiff nor defendant asked for an adjudication of title to any real estate described by metes and bounds. As stated plaintiff asked "a declaratory judgment decreeing the real estate herein involved to be the property of the estate of F. M. Dillard, deceased," but the only description given in the petition was "the Dillard Theatre in Wardell, Missouri." As to the sufficiency of this description see Bollinger County v. McDowell, 99 Mo. 632, 637, 13 S.W. 100; Settles v. Scott, Mo.Sup., 211 S.W. 35, 40. Under the provisions of the will of F. M. Dillard, deceased, no title or interest in any real estate passed to appellant as the executrix of his will. If he owned any real estate at the time of his death title passed directly to the devisees named in his will. Defendant did not ask to have his title or interest determined. The widow in her personal capacity is not a party to this action and appellant in her capacity as executrix has no title to the property. The decree as entered, however, does purport to adjudge the defendant to be the owner of the Dillard Theatre Building in Wardell, Missouri. Such a building is real estate and the judgment entered purports to determine title to real property. We have jurisdiction of the appeal. State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S.W.2d 544, 545.

Appellant contends that "the court erred in finding and adjudging that the written instrument herein * * * was a valid and binding contract, and * * * erred in finding and adjudging that by said written instrument the defendant is now and has been since the execution of said agreement the owner of the property described in said written instrument." The reasons assigned are that the written instrument in question "is wholly insufficient to be given testamentary effect"; that "it is not witnessed"; that it "was not and is not acknowledged before any constituted authority * * * so that it is wholly without the pail (sic) of our statutes with reference to conveyances." No authorities are cited under any of these assignments. Appellant contends that respondent "just does not have any title," except such as "he may have inherited upon the death of his father * * * on the 27th day of May, 1951"; and that the court erred in holding that respondent was "the owner of the property described in said written instrument."

We think the court erred in entering judgment "that by said written instrument

the defendant is now and has been since the execution of said instrument the owner of the property described in said written instrument." Appellant had no title or right to ask for an adjudication of title. In neither pleadings nor evidence did respondent ask an adjudication of title. The only affirmative allegation of respondent's answer was ."that this court is without jurisdiction to hear and determine the matters and things set up and pleaded in plaintiff's petition, for the reason that the written instrument referred to in the plaintiff's petition, is plain and unambiguous on its face, and there is nothing for the court to construe or adjudicate." The answer also included a motion to dismiss the suit for the reason that the petition wholly failed to state facts upon which relief could be granted.

Respondent's position in this court is that appellant failed to offer any proof that F. M. Dillard owned the theatre building before or after the execution of the instrument in question; that respondent does not claim title through F. M. Dillard; that the uncontradicted proof is that "respondent has owned the theatre for at least 20 years"; that the instrument in question was given for F. M. Dillard's interest in the concession stand at the theatre; that, even assuming that F. M. Dillard owned the theatre, he conveyed his interest to respondent by a deed which is clear and unambiguous on its face; that an unacknowledged deed is valid between the parties and their privies; that appellant is in privity with F. M. Dillard, the grantor, and cannot assert that the instrument is invalid for want of an acknowledgment; that respondent has been continuously in possession of the property which imparts notice to the world; and that the judgment entered was for the right party.

 It will be unnecessary to rule the several assignments presented by appellant or the various contentions presented by respondent for the reason that it appears upon the face of this record that appellant had no legal basis or right whatsoever to institute and maintain an action for a declaratory judgment with reference to the written instrument in question, or to ask for a determination of title to the described property. There was no claim that any money was due the estate of F. M. Dillard, deceased. There was no showing that appellant in the capacity in which she instituted this action had any interest in the described real estate. The requirement that a party prosecuting an action must be the real party in interest is as fully applicable to a declaratory judgment action as any other. Vincent Realty Co. v. Brown, 344 Mo. 438, 126 S.W.2d 1162, 1163; Contracting Plumbers Ass'n of St. Louis v. City of St. Louis, Mo.App., 249 S.W.2d 502, 540. Appellant had no sufficient interest in the described real estate to justify a judicial determination of ownership. A declaratory judgment must settle actual rights. State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, 176. Appellant claimed no interest.

The judgment should be modified by striking out the several findings and leaving only the order that plaintiff take nothing by her suit herein, and that her petition be and the same is hereby dismissed, with all costs taxed against her. As modified, the judgment is affirmed.

All concur.