G. R. HUDSON, M.D., and Blanche Hudson, Appellants,

v.

Parker L. JONES and Irene M. Jones, Respondents.

No. 22117.

Kansas City Court of Appeals.

Missouri.

May 2, 1955.

800

Robert N. Jones, St. Louis, for appellants.

Philip J. Fowler, Kirksville, for respondents.

DEW, Judge.

The plaintiffs brought this action for a declaratory judgment to construe a contract for the purchase of real estate and for a finding of certain alleged breaches thereof by the defendants, together with an award of actual and punitive damages. The first and only pleading by the defendants is a motion by each of them to dismiss the petition on the sole ground that the petition " * * * fails to state and show a claim upon which relief can be granted and wholly fails to state any cause of action against this Defendant". Upon a hearing of the separate motions the court sustained the same and entered a judgment dismissing the cause. From that judgment the plaintiffs have appealed.

The defendants contend that the court properly sustained the motions to dismiss the petition because the owner failed to state a cause of action on which a declaratory judgment may be rendered, or that the plaintiffs have any interest in the subject matter, and clearly shows that plaintiffs have "other remedies at law". Defendants further contend that the petition asks for relief which the court had no power to grant; that under the Declaratory Act defendants would not be

awarded the rights to which the law entitles them.

The plaintiffs insist that their petition did state a good cause of action under the Declaratory Judgment Act; that, even if it did not, but was improperly designated as an action under that act, it stated facts sufficient to state a cause of action; that the dismissal did not accord the plaintiffs the presumptions and admissions to which the law entitles them for the purposes of such motions.

The petition states that the parties entered into an agreement in writing May 31, 1950, whereby defendants agreed to convey to the plaintiffs certain real estate under certain conditions provided in the agreement. The contract, set forth in the petition, provided that if the plaintiffs made payment and performed the covenants agreed to by them in the contract, the defendants would convey to them, by good and sufficient warranty deed, the following described property in Adair County, Missouri:

"Commencing at a point 95⅔ rods East of the northwest corner of the Southwest fourth of the northwest quarter of Section 27, Township 62 of Range 15 and running thence South 820 feet, thence West 180 feet more or less or to the East line of a proposed lake site and running thence North and West and meandering along the East line of the proposed lake to the North line of the South Half of the Northwest Quarter, thence East 325 feet more or less to the point of beginning, with the right and privilege of the parties of the first part to build and thereafter maintain the lake which will be adjoining on this property along the West side thereof."

The contract, as set forth in the petition, further provided that the plaintiffs, their successors and assigns were "to have the use and privileges of the lake to be built on the West side of their property" and to "maintain and keep their property herein described as a unit and not sell off lake front property with the privilege of other parties having the use and benefit of said lake"; that plaintiffs would pay as a consideration $3,500, of which $500 was to be paid upon the execution of the contract, receipt of which was acknowledged, and $3,000 on or before March 1, 1951. Provisions were made in the contract for date of possession and for forfeiture upon default by plaintiffs. The contract then provided that: "The first parties (defendants) to dig a well on the west side of said lake, and the second parties (plaintiffs) to have the privilege of hitching to said well for their water, and to bring said pipes to their property on the east side of said lake across the dam. The first parties (defendants), their heirs or assigns and as a part of the consideration agrees to keep up and maintain the lake site and the dam at their own expense, and to the use and benefit of the second parties (plaintiffs) herein. The well development to be at the expense of first parties". The contract concluded with a clause that the same was binding upon the heirs, executors, administrators and assigns of the respective parties.

The petition further alleges that the plaintiffs performed all the covenants required on their part by said contract, and that thereafter the defendants executed and delivered to plaintiffs a general warranty deed on March 14, 1951. In this deed, also set forth in the petition, the receipt of the consideration of $3,500 was acknowledged, and the property conveyed thereunder was described as:

"All commencing ninety-five and two-thirds (95⅔) rods East of the Northwest corner of the Southwest fourth (SW¼) of the Northwest Quarter (NW¼) of Section Twenty-seven (27) Township Sixty-two (62) of Range Fifteen (15) and running thence South eight hundred twenty (820) feet, thence West one hundred eighty (180) feet more or less or to the East shore line of a proposed lake now under construction and running thence along said lake shore line in a general northwesterly direction to a point on the East line of the Spillway

of said lake which is approximately one hundred fifty (150) feet South from the North line of the South Half (S½) of the Northwest Quarter (NW ¼) of said Section twenty-seven (27), thence West and following along the North Line of the Dam to said lake to a point which is four hundred fifty (450) feet west of the point of beginning, thence North to the North line of the Southwest Quarter (SW¼) of the Northwest Quarter (NW¼) of said Section Twenty-seven (27), thence East along said North line four hundred fifty (450) feet to the place of beginning. The above described lands being a part of the South one-half (S½) of the Northwest Quarter (NW ¼) of Section Twenty-seven (27) Township Sixty-two (62) of Range Fifteen (15), with all the rights, privileges use and benefit of the lake adjoining the above described lands. The first party reserved the right to repair and maintain, the dam and the spillway which is on a part of this land, with right of ingress and egress, and necessary dirt for said repair and without damage to first parties, * * *".

It is next alleged in the petition that: "The well mentioned in the agreement set forth hereinabove, to be constructed by defendants, was not constructed"; that "The dam mentioned in the agreement and in the deed, both set forth hereinabove, was partly built by defendants but was not elevated sufficiently to project water even approaching the East-West line 820 ——— South of the North line of the South half of the Northwest Quarter of Section Twenty-seven"; that "As a consequence, if the agreement and deed are to be construed to obligate defendants to build a water's edge which defendants use in their metes and bounds description, then plaintiffs can not know what land they acquired, and plaintiffs so allege that fact to be".

"If the agreement and deed are to be construed to obligate defendants to construct a lake running in a general North and South direction for a North and South distance of 670 feet, then plaintiffs have

been deprived of a lake for which they contracted, and plaintiffs so allege those facts to be.

"Defendants' failure and neglect to construct a well and lake in accordance with their contracts was malicious and fraudulent and such omission was with a willful and wanton disregard of plaintiffs' rights, and reduced the value of plaintiffs' said premises by the sum of two thousand dollars ($2,000.00)."

The prayer of the petition was as follows:

"Wherefore, plaintiffs pray an order of this Court construing the agreement and deed above and finding that defendants have not sunk a well nor created a lake in keeping with the terms thereof; that such omissions on defendants' part were malicious, fraudulent and designed to enrich the defendants by depriving plaintiffs of contractual rights; with judgment for plaintiffs and against defendants for two thousand dollars ($2,000.00) actual and five thousand dollars ($5,000.00) punitive damages; for costs; and for such other and further relief as this Court shall deem proper".

■ Does the petition state any cause of action? That is the sole issue to determine. The motion is confined to the face of the petition. Section 509.300 RSMo 1949, V.A.M.S.; Baysinger v. Hanser, 355 Mo.. 1042, 199 S.W.2d 644. We consider only the facts properly pleaded and disregard the conclusions. The facts so pleaded are considered true for the purpose of the present challenge. We give to such facts all reasonable intendments in favor of the sufficiency of the petition. Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S.W.2d 708.

Reduced to its bare substance we construe the petition to assert that under the provisions of the contract pleaded, defendants agreed, among other things, to build and maintain a dam and a lake adjoining on the west the property to be conveyed,

and to dig a well on the east shore line of the lake; that the plaintiffs were to have the use and benefit of the dam, lake and well, and that the east meandering shore line of the lake, when so built, was to form the west boundary line of the property to be conveyed; that plaintiffs performed their covenants under the contract, but that the defendants, although delivering their deed, as set forth, have maliciously failed to do and perform the things above noted which they agreed to do in the contract, thus depriving the plaintiffs of a shore line necessary to determine their boundary line, as described in the contract and deed, depriving them of the use and benefit of the lake and a lake front, and of the privilege of getting water from the well agreed to be dug on the lake shore; that a judgment is prayed construing the contract and deed, and a finding that the defendants had maliciously breached their contract by their failure to create a lake and to sink a well in keeping with their agreement, resulting in damages to the plaintiffs in the sum of $2,000 actual and $5,000 punitive, for which they asked judgment.

On the declaratory feature of the petition, plaintiffs say in their brief that there can be no question about their right to be heard on defendants' failure to dig a well, but that a question arises as to whether defendants are obligated under their contract to build a dam of sufficient height, not only to provide plaintiffs with a lake and a lake frontage, but to establish thereby the boundary agreed to in the contract. On that point they say: "But here plaintiffs are faced with the defendants' erection of a small dam creating a pond which falls some 250 feet short of making a 'meandering shore line' which would have marked the edge of plaintiffs' property; and, plaintiffs can not know what their boundary is if the defendants are under a contract duty to create such shore line. In this circumstance plaintiffs not knowing precisely what land they received, have ample reason to seek the court's interpretation of the written instruments under the declaratory judgment law".

A proceeding for a declaratory judgment under our statutes is sui generis and is not of itself strictly either legal or equitable although its historical affinity is equitable. Liberty Mutual Ins. Co. v. Jones, 344 Mo. 932, 955, 130 S.W.2d 945, 125 A.L.R. 1149; Crollard v. Northern Life Ins. Co., 240 Mo.App. 355, 200 S.W. 2d 375, 382; Borchard on Declaratory Judgments, 2d Ed., p. 399. We think a justiciable controversy was pleaded in the instant case. The controversy is actual, alive, substantial and ripe for determination. The facts admitted by the motions present a situation well calculated to call for a construction of the contract and deed described in the petition, and for a termination of the controversy or removal of the uncertainty created by the admitted acts of the defendants. The defendants by their motions admit the provisions of the contract and admit only partial performance thereof by their deed. The very partial performance, according to the contract and deed pleaded in the petition, involves the uncertainty of 850 feet alleged to constitute the agreed west boundary of the land to be sold to the plaintiffs, which, according to the agreement, was to be the meandering east shore line of a lake which defendants agreed to construct, but failed to do so. It has been said: "* * * a declaratory judgment action lies to determine whether there is an error in the quantity of land covered by a conveyance". Anderson on Declaratory Judgments, 2d Ed., p. 1318. See same authority p. 1179: "* * * no reason appears why the declaratory action may not be used to settle and determine boundaries between private proprietors". In addition, the present petition pleaded other breaches. Defendants, by their motions to dismiss, in effect dispute the claim that this partial failure created any uncertainty in the boundaries of the land agreed to be sold to the plaintiffs, and, of course, do not admit malice or damages in any amount.

A petition for declaratory judgment may accord both declaratory and coercive relief. Union National Bank v. Jessell, 358 Mo. 467, 215 S.W.2d 474. If

the petition otherwise states any cause of action, it is no objection that a declaratory judgment is asked. The remedy is declared to be remedial, and its purpose is to settle and to afford relief from uncertainty and insecurity respecting rights and is to be liberally construed. Section 527.120 RSMo 1949, V.A.M.S. If the trial court, in the trial of the present case should find that the plaintiffs are entitled to relief supplemental to the declaratory relief, and to a determination of issues of fact involved, proceedings for such supplemental relief are authorized by Section 527.080, and for trial of the issues of fact by a jury by Section 527.090. Thus, if the obligations of the defendants under the contract and deed be found as claimed in the petition, the court could, under the statutes cited, conduct a jury determination of the issue of any consequent confusion in the boundaries of the land sold as pleaded or the issue of the damage to the plaintiffs by the breaches, if any, and the amount thereof, and any other issues of fact necessary to complete relief. Crollard v. Northern Life Ins. Co., supra. "What are the boundaries of land conveyed by a deed is a question of law; where the boundaries are is a question of fact." Naylor v. Chinn, 82 Mo. App. 160, 163.

It was said in Smith v. Pettis County, 345 Mo. 839, 136 S.W.2d 282, 285: "In Frazier v. City of Chattanooga, 156 Tenn. 346, 1 S.W.2d 786, where the trial court in a case under the Declaratory Judgment Law had sustained a demurrer and dismissed the petition, it was held that the better practice would have been to enter a decree, or a declaration defining the rights of the parties under the issues made, though such decree is adverse to the contentions of the petition. This holding is in harmony with our law."

Anderson on Declaratory Judgments, 2d Ed., Vol. 1, pp. 740–45 has this to say: "When an action is filed for a declaratory judgment and the plaintiffs set forth facts of an actual controversy concerning some matter covered by the declaratory judgment statute, it may be stated generally that it is the duty of the trial court to overrule a demurrer to the plaintiff's pleading and proceed with the case in accordance with the provisions of the statute. The soundness of this general rule is obvious; while there may be cases in which no facts a plaintiff might plead, and no contentions he might make could possibly warrant the granting of the relief, but generally it may be conceded that it was not the intention of the declaratory judgment act to prejudge matters which might become pertinent in determining the propriety or justice of the relief sought. * * * Allegations of the complaint upon demurrer in declaratory judgment actions, in consonance with the modern rules of pleading in actions generally are liberally construed to sustain it. * * * It ought to be noted that a demurrer is rarely appropriate in a declaratory judgment action. * * * Even though a complaint is not sufficient to warrant the granting of all of the relief sought thereby, but is otherwise sufficient for some relief, a general demurrer under these circumstances will not be sustained thereto."

In 26 Wash. U. Law Quarterly, 468, 487, it was said by Judge Hyde of the Supreme Court of Missouri: "In a case where grounds for declaratory judgment are shown, it is not proper practice merely to enter a judgment that the losing party takes nothing by his petition or counterclaim; or usually to sustain a demurrer and enter a judgment of dismissal. Sec. 1 of the act specifically provides that 'the declaration may be either affirmative or negative'. Therefore, no difficulty should be presented in the preparation of a judgment either for or against the claims made in the petition. Of course, if no proper case for declaratory judgment is presented, as in Vincent Realty Co. v. Brown, 344 Mo. 438, 126 S.W.2d 1162, in case of a petition seeking an advisory opinion concerning future prospective action, it is proper to enter judgment dismissing the petition".

Upon the presentation of the motions to dismiss, the court permitted defendants to introduce what purports to be a conveyance of plaintiffs' interests in the

land in question, and defendants suggest in their brief that it was shown thereby that the plaintiffs had conveyed their interest in the property prior to the bringing of this action. As stated, the motions to dismiss the petition were solely on the ground that it failed to state and show a claim upon which relief can be granted, and wholly fails to state any cause of action against the defendants, and they can be considered on no other grounds. The consideration thereof is confined to the face of the petition challenged. Therefore, we disregard any evidence received on the hearing of the motions that pertained to any other issues than the sufficiency of the petition on its face. Baysinger v. Hanser, supra.

For the reasons stated, we conclude that the court erred in sustaining the motions to dismiss. Judgment reversed and the cause remanded with directions to reinstate said petition and cause for further proceedings consistent herewith. All concur.